### SUSAN J. GILLON ET AL. V. W. C. WEAR ET AL.

No. 470.

1. **Citation by Publication.**—Article 1236 of the Revised Statutes, providing for citation by publication in suits against unknown heirs where it is sought to divest property, requires publication for eight weeks; and article 3467a authorizes such publication for four weeks against unknown owners in a suit for partition. *Held,* that these articles are not in conflict, and that publication for four weeks is sufficient in an action for partition.

2. **Same—Recital of Service in Judgment.**—A recital in a judgment that unknown owners who were made parties to the suit were duly cited by publication, is held to import absolute verity as against a collateral attack.

3. **Same—Judgment for Costs Against Unknown Owners.**—A personal judgment for costs against unknown defendants cited by publication has no greater validity than any other merely personal judgment against a nonresident on service by publication alone.

4. **Same—Invalid Execution.**—A judgment for costs against "unknown defendants" was rendered in a suit for partition of land patented to A. V. The execution for costs issued thereon was against "the unknown heirs of A. V." *Held,* that the execution and the sale thereunder were invalid.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*J. J. Stoker, R. M. Vaughan,* and *C. M. Moorman,* for appellants.

1. The petition, citation, and sheriff's return are a part of the record of a suit, and are admissible in evidence to show that a judgment rendered is void as to parties who are not properly brought within the jurisdiction of the court in the manner provided by law; and are admissible in evidence even in a collateral attack against a judgment so rendered, to show that the court rendering the judgment did not have jurisdiction to proceed with the trial of the cause. 54 Texas, 193; 74 Texas, 168; 79 Texas, 239; Bell v. Bunkman (Mo.), 24 S. W. Rep., 205; 2 Texas, 247.

2. An execution is not admissible in evidence without first introducing a valid judgment which authorizes the issuance of such execu-

tion in favor of plaintiff and against the defendants in said execution. Criswell v. Ragsdale, 18 Texas, 443; Howard v. North, 5 Texas, 290; Battle v. Guedry, 58 Texas, 111; Hart v. McDade, 61 Texas, 208; Le land v. Wilson, 34 Texas, 79.

3. In an action of trespass to try title, if it is proven that title to a portion of the land in controversy is in plaintiffs, it is the duty of the court to render judgment in favor of plaintiffs for the amount of the land to which they show title, unless defendants show that title to such portion of land has passed out of plaintiffs and vested in defendants. Rev. Stats., arts. 4806–4808; Williams v. Davis, 56 Texas, 250; Montgomery v. Carlton, 56 Texas, 361; Koenigheim v. Miles, 67 Texas, 113; Stephens v Hicks, 38 Texas, 656.

*Tarlton & Morrow,* for appellees.—1. The unknown heirs of Abner Vaughan and the unknown owners of the Abner Vaughan survey being identical, a judgment against the unknown owners of the Abner Vaughan survey will support an execution against the unknown heirs of Abner Vaughan, especially after a sale has been made and the proceeds applied to the satisfaction of the judgment. Smith v. Chenault, 48 Texas, 454.

2. The plaintiff having sued for an undivided interest in the Abner Vaughan survey, and the proof showing that a valid partition had been had setting apart to plaintiffs their interests in severalty, they can not recover; and if errors were committed in the introduction of the sheriff's deed and execution, they are immaterial. Sayles Civ. Stats., art. 4786, subdiv. 3; Teal v. Terrel, 48 Texas, 491; French v. Oliver, 67 Texas, 100; Railway v. Prather, 75 Texas, 54; Hall v. Jackson, 3 Texas, 305; 9 Texas, 77; 19 Texas, 410.

LIGHTFOOT, CHIEF JUSTICE.—This was a suit brought by appellants to recover an interest of one-eighth in 666 acres of land, and for partition. Several of the original defendants vouched in their warrantors, and on final hearing the court (there being no jury) rendered judgment for the defendants, from which this appeal was taken.

It fully appears from the record that the land in controversy was patented to Abner Vaughan, who died intestate in 1854, leaving six children, one of whom was William Vaughan, who died without issue, leaving appellant, Susan J., as his widow, who married Gillon in 1874.

In 1881 there was a suit brought in the District Court of Hill County, entitled Odell v. Anderson, to partition the land in controversy between the purchasers of portions of said land from those claiming under different heirs of Abner Vaughan, deceased, and the unknown owners of a part thereof.

As to the unknown owners there was service by publication. The judgment recites service upon the parties, and that the unknown owners were served by publication, and that the court appointed an attorney to represent said unknown owners, and proceeded to divide

the land, setting apart for them a tract of about 164 acres out of said survey. In regard to the costs, the judgment provides as follows: "It is further ordered and adjudged, that the costs of this suit, including the expenses incurred in dividing and making partition of said tracts of land, be apportioned among the said several parties entitled to said tracts of land, according to their respective interests herein, as specified by the decree aforesaid; and it is ordered, that if any of said parties pays the costs which another of said parties should and ought to pay, that said party so paying shall have execution against said party for whom he shall have paid said costs, for the amount so paid. It is further ordered, that execution issue in favor of the officers of the court against each party respectively for all costs by him or her or them incurred."

Under this judgment an execution was issued for costs against the unknown heirs of Abner Vaughan, which was levied upon the 164 acres, and it was sold by the sheriff to W. H. McDonald for the amount of the costs, and that tract is now claimed by appellee W. R. Carr through mesne conveyances from McDonald. The other portions of the 666 acres tract are claimed by other appellees under the partition proceedings.

1. The first assignment of error by appellant Susan J. Gillon and husband, is as follows: "The court erred in admitting in evidence, over plaintiffs' objection, the sheriff's deed executed by John W. Morrison, sheriff of Hill County, Texas, to W. H. McDonald, as appears by plaintiffs' bill of exceptions number 1."

The ground of this objection is, that the execution was not supported by a valid judgment against such unknown heirs for costs. In so far as the judgment was for partition of the land, it recited upon its face that the unknown owners were duly cited by publication, and, in a collateral attack, such recitation in the judgment imports absolute verity, and we must take it that the unknown owners were duly city. Treadway v. Eastburn, 57 Texas, 209; Martin v. Burns, 80 Texas, 676.

A proceeding for partition under our statute fully authorizes citation by publication for four weeks against unknown owners, and after such citation a partition of the property may be made. Rev. Stats., art. 3467a. This act was passed by the Sixteenth Legislature, and became a law July 24, 1879.

There is a general statute providing for citation by publication in suits against unknown heirs, where it is sought to divest property, which provides for such publication for *eight* weeks. Rev. Stats., art. 1236. This act was passed November 9, 1866. We see no conflict between these two sections of the statute, as one section is general and the other special. The two must be construed together, and it fully appears that citation by publication in suits for partition was not intended to be brought under the general provisions, which come under the general practice act, as shown in Revised Statutes, article 1236.

But the judgment in the case of Odell v. Anderson, supra, although a valid judgment of partition, was not valid as a personal judgment against the unknown parties, for costs, such as would support an execution upon which their interest in the land could be sold and their title divested.

In the case of Talliaferro v. Butler, 77 Texas, 582, which was a suit like this one, in which there was a judgment of partition under a citation by publication, and an execution for costs growing out of it, under which the title of absent parties was sought to be divested, Judge Henry, in an able opinion, after sustaining the judgment in so far as the petition was concerned, said: "The right to render a judgment for costs, and through executions issued on such judgment, to sell the lands allotted to the defendants, presents a different question. We think that it was within the power of the court to make the costs adjudged against each party a lien upon the share of land allotted to such party, and to order its sale if the costs should not be paid.

"In making such an order, the rights of the absent party should be guarded by appropriate directions as to the time and manner of the sale, as well as the quantity to be sold, and the sale when made should be subject to the approval of the court ordering it, and the proceedings should be so regulated as to prevent the shares allotted to absent defendants from being consumed by the costs incurred in making the division. The personal judgment for costs rendered against defendants had no greater validity than any other merely personal judgment rendered against a nonresident on service by publication alone.

"In the case of Freeman v. Alderson, 119 United States, 185, which went up from this State, and which depended upon facts very similar to the cause before us, the Supreme Court of the United States say: 'The judgment, as far as the costs are concerned, must therefore be treated as a judgment in personam, and for the reason stated it was without any binding obligation upon the defendant, and the execution issued upon it did not authorize the sale made, and of course not the deed of the sheriff.'

"There was no error in refusing to permit the execution or the sheriff's deed to be read in evidence, either to prove title or support the plea of the statute of limitations of three years."

Even if in any case an execution from a personal judgment for costs would be authorized against unknown parties, in such a case (which is not recognized by the above authorities), still the judgment in Odell v. Anderson, supra, was in favor of the officers of the court against the parties respectively; the *unknown owners* were parties, the alias execution was against the "unknown heirs of Abner Vaughan." In no state of the case would such an execution authorize a sale of land and a divestiture of the title of such unknown owners. The court erred in admitting the sheriff's deed in evidence over the objection of appellants.

2. The second assignment of error is as follows. "The court erred in sustaining the defendants' objection to the introduction in evidence of the original petition, citation, and sheriff's return offered in evidence by plaintiffs as a part of the record of the cause number 1292, in District Court of Hill County, Texas, of J. M. Odell v. W. M. Anderson et al., as appears by plaintiffs' bill of exceptions number 2."

For the reasons given above, the court did not err in sustaining defendants' objection to the introduction in evidence of the original petition and citation and sheriff's return, offered by plaintiffs. The evidence was offered for the purpose of showing that the court did not have jurisdiction over the unknown owners, because the citation was only published for four weeks. In the first place, the statute in partition proceedings only required such citation to be published for four weeks. In the second place, the recitation in the judgment that the parties were duly cited by publication, imports absolute verity, and the same can not be attacked in a collateral proceeding. Treadway v. Eastburn, 57 Texas, 209; Martin v. Burns, 80 Texas, 676.

3. The third assignment covers the appellants' objection to the execution under which the land was sold, and is sustained for the reasons above set out.

4. The fourth assignment relates to the judgment of the court. There can be no question that in the 164 acres of land set apart to the unknown parties, by the judgment of partition in the case of Odell v. Anderson (said 164 acres being fully described in the answer of appellee W. R. Carr), said appellants have an interest; and they have shown no interest in the other portions of the 666 acres tract set apart to the other parties, by metes and bounds, in said petition, and under whom appellees Thomas Tinsley, Lizzie G. Dudley, H. W. Dudley, T. R. Rogers, and W. C. Wear claim; and as to all of said appellees, and all of said 666 acres except said 164 acres tract, the judgment is affirmed; but as to said 164 acres tract, and the parties claiming the same, namely, W. R. Carr, and the warrantors, R. B. and M. M. Ransome and J. C. Morris, the judgment is reversed and the cause remanded for further proceedings below.

*Reversed and remanded.*

Delivered October 3, 1894.