# LUCY T. FLEMING; Appellant, v. GEORGE TATUM et al.

### Division One, February 28, 1911.

1. **PLEADING: Alternative: Title.** The statute (Sec. 1828, R. S. 1909), authorizing the statement of a fact or title in the alternative, has reference to that part of the petition which should state facts constituting the cause of action, although it is quite as important that the petition should state correctly the names of the parties. But for the plaintiff to avail himself of the privilege given by that statute he must avow his belief that one or the other alternative is true, and his ignorance of which is true.

2. ————: ————: ————: **Defendants in Tax Suit.** A petition in a tax suit which names the defendants as "David Fleming, if living, or if dead, his unknown heirs or devisees," sufficiently names the defendants. The reason for requiring plaintiff to state his ignorance as to which of two facts is constituent of his cause of action, when he pleads both in the alternative, does not apply in naming defendants when they are named as defendants were in that case, and section 1828, Revised Statutes 1909, does not apply.

3. ————: **Unknown Heirs and Interests.** A petition in a tax suit, alleging, under oath, that "if the said David Fleming be dead, plaintiff verily believes there are persons interested in the subject-matter of this suit whose names cannot be inserted herein, because they are unknown to him, and that the interest of such persons, and how derived, so far as the knowledge of affiant extends, are truly described as follows, viz: That if said David Fleming be dead, his unknown heirs or devisees claim, or might claim, an interest or right in said land by descent, inheritance, devise or operation of law," sufficiently states the interests of the unknown parties and how derived, under Sec. 1776, R. S. 1909.

4. **TAX SUIT: Order of Publication Antedating Petition.** The order of publication in the tax suit was dated June 7th, the petition filed June 8th, and the first publication was June 8th, and it is contended the order of publication was made before the petition was filed. *Held*, that the slight discrepancies in the dates cannot be held to outweigh this solemn recital in the record order of publication, namely: "At this day comes the plaintiff herein, by her attorney, before the undersigned, clerk of the circuit court of said county, in vacation, and files her petition, alleging among other things," etc.

5. ————: **Publication: Four Successive Weeks.** The order of publication was published in a weekly newspaper, and the publisher's affidavit says it was published for four weeks successively, and the number of the issue and the volume of the newspaper are stated thus: "In Number 16 of Volume 26, dated June 8, 1900; in Number 17 of Volume 26, dated June 22, 1900; in Number 18 of Volume 26, dated June 23, 1900; in Number 19 of Volume 26, dated June 29, 1900." *Held*, that clerical errors in the dates June 22d and 23d, which should have been June 15th and 22d, were corrected by the other facts in evidence, and those facts are not overthrown by the dates which are inconsistent with them and apparently contradictory of each other; and the circuit court had jurisdiction to try this issue of fact upon which its further jurisdiction depended, and the presumption is that it did so, and that on proof offered found that the notice had been published once a week for four successive weeks, beginning with June 8th and ending with June 29th.

6. **ACTION AT LAW: Converted Into Equitable Action by Answer.** In an action at law, if the defendant pleads an equitable defense going to the life of the plaintiff's cause of action and prays equitable relief, the action is converted into a suit in equity. But where plaintiff in the suit to quiet title, brought ejectment against the purchaser at the execution sale of the land under a judgment for taxes, the filing of an answer in that suit, which was first a general denial, and next set up the tax deed and judgment as the foundation of defendant's title, and the filing of a reply in which it was alleged the pretended deed was void, did not convert that ejectment suit into an equitable action, and a judgment for defendant therein cannot be set up by defendant in the suit to quiet title as *res adjudicata*. Equity relieves against a deed valid on its face but voidable for some fact specially pleaded, but if a deed is void its condemnation is on its face, or on the face of the record out of which it arises, and then a court of law is competent to pass judgment upon it.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston*, Judge.

REVERSED AND REMANDED (*with directions*).

*Hamlin & Seawell* for appellant.

(1) The petition must contain the names of the parties plaintiff and defendant. R. S. 1899, sec. 592.

The petition does not definitely state any one as defendant. The title being a part of the petition must be considered with the entire petition, and where a pleading is in the alternative, each of the alternatives must state a legal cause of action, or defence, and if either of the statements is insufficient in law the entire plea is defective. Hewitt v. Truitt, 23 Mo. App. 443. If David Fleming was dead at the time the tax suit was filed, then the order of publication should have been to the "unknown heirs or devisees." If he was dead or alive, the notice of publication was not service on the heirs or devisees. R. S. 1899, sec. 575. The collector in the tax suit should have "declared his belief that Fleming was either dead or living, and his ignorance whether it be one or the other." R. S. 1899, sec. 626. The allegations, "if dead, or if living his heirs or devisees," contradict each other in the petition and in the order of publication. And for that reason there was no allegation in the petition or affidavit filed in the case which authorized, and upon which to base, the order of publication. Hinkle v. Lovelace, 204 Mo. 220. An affidavit is insufficient which states in the alternative the grounds on which relief is sought. Hinkle v. Lovelace, 204 Mo. 220; 2 Cyc. 22, par. 3. The alternative allegation was a jurisdictional matter. Hinkle v. Lovelace, supra. Neither the petition nor order of publication alleges the death of David Fleming, nor the interest of the heirs or devisees, nor how or in what manner derived, all of which must appear in the petition and in the order of publication to confer jurisdiction upon the court. Meyers v. McRay, 114 Mo. 377. Before the court had jurisdiction or the clerk authority to issue the order of publication, the petition should have affirmatively averred that David Fleming was either dead or living. They nowhere state the belief of plaintiff as to either. If David Fleming was living and was a non-resident, then the petition need not be veri-

fied, but if he was dead, and left unknown heirs or devisees, the petition must be verified. Elting v. Gould, 96 Mo. 535; Meyers v. McRay, 11 Mo. 383; Rohrer v. Oder, 124 Mo. 24. If the judgment in the tax suit was rendered upon a void publication, and the petition did not contain jurisdictional facts sufficient to confer jurisdiction upon the court, then the judgment was void, and this action can be maintained. Stark v. Kirchgraber, 186 Mo. 633; Davis v. Montgomery, 205 Mo. 283. (2) Where constructive service is authorized instead of personal, there must be a strict compliance with the statutory requirement. Meyers v. McRay, 114 Mo. 377; Parker v. Baton, 172 Mo. 85; Hinkle v. Lovelace, 204 Mo. 208. The record shows that the petition in the tax suit was filed on the 8th day of June, 1900, and the clerk made an order of record directing an order of publication for the defendants on the 7th day of June. He had no authority to make said order because a petition had not been filed in his office on June 7th. R. S. 1899, sec. 575; Stewart v. Allison, 150 Mo. 346. There are three sections under our code of civil procedure authorizing service by publication of notice of the commencement of the suit. R. S. 1899, secs. 575, 577 and 580. The publication in the tax suit endeavored to cover the requirements of sections 575 and 580, but the requirements of each section are in conflict with the other. Section 575, R. S. 1899, applies to living non-resident defendants, section 580 applies to unknown defendants. If the petition and order of publication in the tax suit had stated that David Fleming was dead, and had left unknown heirs or devisees, and set out their interest and how derived, as prescribed by the statute, and was verified, then the court would probably have had jurisdiction over the *res* and this plaintiff. The clerk in vacation must have the petition on file in his office, containing facts sufficient to confer jurisdiction, at the time he makes the order of publication. In this

case the order of publication recites that it was made on the 7th day of June, 1900, and the petition was filed on the 8th day of June, 1900; therefore there was no petition on file at the time the order was made. "Upon the filing of such petition or affidavit, the order of publication must be made." R. S. 1899, sec. 575. (3) The statute requires the publication to be published once a week for four weeks successively. R. S. 1899, sec. 581. The notice was not published four successive weeks; it was published as follows: June 8th, 22d, 23d, 29th, 1900, being only twenty-one days. "When the statute requires four weeks' publication of such notices, it does not mean twenty-four days, or any less number than twenty-eight." Young v. Downey, 150 Mo. 330; State v. Brown, 130 Mo. App. 214.

*O. R. Puckett* and *Benton & Ruark* for respondents.

(1) The tax petition and affidavit used the exact language of the statute, to-wit: "He verily believes there are persons interested in the subject-matter of this suit whose names cannot be inserted herein, because they are unknown to him, and that the interests of such persons, and how derived, so far as the knowledge of affiant extends, are truly described as follows," etc. And it is stated under plaintiff's oath that the petition "describes the interests of the unknown persons who are interested in the subject-matter, and how their interests were derived, so far as the knowledge of affiant extends." There are no decisions under which the petition and affidavit in the tax suit have been held bad. The question must be settled by Sec. 580, R. S. 1899. The tax suit was against the unknown owners of the land described. This is expressly authorized by the statute; the description of the interests of the unknown owners, how derived, etc., is not required to be given more fully than is known,

for obvious reasons, and in this case plaintiff states, by exclusion and necessary implication, that plaintiff does not know whether David Fleming be living or dead, and if dead, whether he died testate or intestate, or who or how many were his heirs or devisees. The law presumes plaintiff knew that if David Fleming was dead, a judgment against him would be a nullity, and that if living, he had no heirs or devisees. That he was the record owner of the land at the time the tax suit was brought is not denied, and that is all the information plaintiff had. The appellant comes and identifies herself as a devisee of David Fleming. She can only raise the question as to whether she had constructive notice; not whether David Fleming, had he been living when the suit was brought, had constructive service under the allegation that he was a non-resident of the State, or, if he had previously died intestate, whether his heirs had constructive notice as the "unknown heirs of David Fleming." This does not concern appellant. Had appellant appeared on the trial of the tax suit and identified herself as a devisee of David Fleming, unknown at the time the suit was brought, as here admitted by her, a plea of misjoinder might have been successfully interposed, or that all other persons named and described were unnecessary parties to a complete determination of the cause. The joinder of an unnecessary party or an improper party is held to be error; but held not to be an error affecting the substantial rights of the parties, and so far from being void, that no judgment shall be reversed by reason of such error or defect. Mann v. Doerr, 222 Mo. 15; R. S. 1899, secs. 659 and 865. Defect of parties defendant is waived by default or when not raised by demurrer or answer. R. S. 1899, sec. 602; Scott Co. v. Hombs, 127 Mo. 392; Hudson v. Wright, 204 Mo. 424. "Nor was the jurisdiction of the court affected by the fact that a deceased former owner, who by a recorded deed had conveyed the property to

another, was made a defendant.'' Sanzenbacher v. Santhuff, 220 Mo. 283. A judgment against an unknown devisee is good. Wall v. Holladay-Klotz Land and Lumber Co., 175 Mo. 406. A tax deed is prima facie evidence of title. R. S. 1899, sec. 9305. A tax deed, conveying the interest of unknown parties, is valid on its face. Wall v. Land Co., 175 Mo. 406. A tax deed, valid on its face, is unassailable, without proof that it has been of record for less than three years. R. S. 1909, sec. 11506.

VALLIANT, J.—This is a suit to quiet title under section 650, Revised Statutes 1899. The land described in the petition is the north half of section 30, township 23, range 33, but the land in dispute is really only the northwest quarter of that section, that at least is the only part of the section to which the defendants introduced any proof of title. That mistake runs through the pleadings and final judgment which decrees absolute title in defendant Griffin to the whole north half of that section. The mistake is plain on the face of the record.

The defendants' title arises out of a sheriff's sale under a tax judgment. The petition under which the tax judgment was rendered ran against the north half of the section and the judgment condemned the whole to be sold, but at the sale, the sheriff, as in duty bound, offered the land in the small legal subdivisions of 40 acres each, and when he had sold four forties he realized enough money to pay the taxes and costs on the whole half section, therefore he did not sell the northeast quarter, but that remained to the owner. The purchaser at the sheriff's sale sold the west half of the northwest quarter to F. & T. J. Friend and the est half to Price. These titles came by mesne conveyances to Tatum, who conveyed the same to defendant Griffin, taking a mortgage back for the purchase

money.   That is the title claimed by the defendants
Griffin and Tatum in this suit.

It was admitted at the trial that the half section
of land described in the petition belonged to one David
Fleming in his lifetime, who died in 1898 testate, leav-
ing the plaintiff herein, Lucy Fleming, his wife, his
sole devisee.   She owns the land now if the title did
not pass from her at the sheriff's sale under the tax
judgment in January, 1901.

The plaintiff now contends that that sale was void
because the petition on which the tax judgment was
founded does not state any one as the defendant.   The
parties are named in the caption of the petition as.
follows:

"The State of Missouri at the relation and to the
use of A. W. Noel, Collector of the Revenue
in and for the county of McDonald, in the
State of Missouri, Plaintiff,

vs.

David Fleming, if living, or if dead, his unknown
heirs or devisees, Defendant."

The sufficiency of the petition is not challenged
except in one other respect which will be noticed here-
inafter.

On filing the petition and affidavit attached the
clerk in vacation made an order of publication which
was published.   The style of the case in the order of
publication was the same as that in the caption of the
petition as above shown; in all other respects the or-
der was in due form.

While F. and T. J. Friend held the title they ac-
quired to the west half of the northwest quarter of
this section by deed from the purchaser at the sheriff's
sale, and Price held the like title to the east half of
that quarter, the plaintiff in this suit brought two
ejectment suits, one against the Friends and the other
against Price, to recover the parts held by them res-

pectively. The defendants in those two suits filed answers in which they set up as the foundation of their titles the sheriff's deed above mentioned, and deeds from the purchaser to them, and the plaintiff filed a reply saying that "the pretended deeds held by them are void." The suit against the Friends went to final judgment in their favor, and the plaintiff dismissed the suit against Price. In the case at bar defendants plead the judgment in the Friends suit as *res adjudicata,* saying that that suit was by the answer converted into a suit in equity in which the validity of the sheriff's deed was in issue and adjudged. The record in that case was admitted in evidence on the trial in this case over the plaintiff's objection.

As already said the judgment was for the defendants, vesting the whole half section in defendant Griffin, and the plaintiff appealed.

I. Appellant's main point is that "the petition does not definitely state any one as defendant." Appellant in her brief says that it should have stated either that David Fleming was dead, in which event the notice should have been to the "unknown heirs and devisees of David Fleming deceased," or the pleader should have "declared his belief that Fleming was either dead or living and his ignorance whether it be one or the other," under the terms of section 626, Revised Statutes 1899, now section 1828, Revised Statutes 1909. That section is: "Either party may allege any fact or title alternatively, declaring his belief of one alternative or the other, and his ignorance whether it be the one or the other." The point insisted on is that the plaintiff in his petition should have stated his ignorance of the fact whether Fleming was living or dead.

Section 592, Revised Statutes 1899, now section 1794, Revised Statutes 1909, specifies what the petition shall contain, and divides it into three parts:

first, the title, including the names of the parties; second, a plain and concise statement of facts constituting the cause of action; third, the prayer for relief. The section authorizing the statement of a fact or title in the alternative has reference to that part of the petition which should state facts constituting the cause of action, although it is quite as important that the petition should state correctly the names of the parties. The main object in pleading is to state with certainty and truth the facts relied on. If a party knows what the fact is, it is his duty to plead it with certainty, and if he knows which one of two facts is correct, he has no right to plead both in the alternative. Therefore, to avail himself of the privilege given in that statute he must avow his belief that one or the other is true, and his ignorance as to which is true. But that rule of pleading could hardly in its nature apply to that part of the petition which states the names of the parties. For example, A and B could not sue as plaintiffs and say that the defendant is indebted to one or the other of them, but which one they do not know; nor could a plaintiff sue two defendants and say that one or the other of them owes him the obligation, but which one he does not know. But when a plaintiff brings a suit *in rem*, for example, to establish the State's claim for taxes on land, it is not inconsistent to name as defendants the record owner of the land, if he be living, or his heirs and devisees, if he be dead, and they be unknown, because the obligation descends with the land. In such case if the record title is in the name of a person who is not known to plaintiff, he may bring his suit naming the defendants in the alternative, that is, naming the person if living, or his unknown heirs or devisees if he is dead and they are unknown. That is what the plaintiff did in this case, but he failed to say that he did not know whether the man was living or dead, and for that failure the plaintiff in this suit now says the

court did not acquire jurisdiction over her as devisee of the deceased former owner of the land.

The reason for requiring a party to state his ignorance as to which of two facts is constituent of his cause of action, when he pleads both in the alternative, does not apply in naming the defendants when they are named as in this case, and the statute, section 626, Revised Statutes 1899, now section 1828, Revised Statutes 1909, does not apply; therefore before we can condemn the pleading for failing to state the pleader's ignorance of that fact we must find some reason for it outside of that statute.

If David Fleming had been living at the date of filing the petition, the publication would have been notice to him. He could not have been misled by the reference to his unknown heirs in case of his death. And if he was dead at the time, how could the fact that the notice indicated an uncertainty as to his being alive or dead mislead his heirs or devisees? If the petition had named as defendants "the unknown heirs or devisees of David Fleming deceased," it is not questioned but it would be sufficient. What then is the material difference between that form and "the unknown heirs or devisees of David Fleming, if he be dead?". Our attention has not been called to any case where the point now contended for by appellant has been presented to this court for decision. Considering it as a proposition of first impression we are unable to find any good reason for sustaining appellant's position on this point. We hold that the name and description of the defendants, "David Fleming, if living, or, if dead, his unknown heirs or devisees," as contained in the petition and in the order of publication, are sufficient.

II. Section 580, Revised Statutes 1899, now section 1776, Revised Statutes 1909, authorizing notice by publication against unknown persons, requires the

plaintiff to state, verified by affidavit, that there are or he believes there are persons interested in or who claim to be interested in the subject-matter of the petition whose names he cannot insert therein because they are unknown to him, and to describe the claims or interests therein of such unknown parties, and how such claims or interests are derived, so far as known to him. Appellant contends that this petition fails to meet that requirement.

The petition contains the following clause:

"A. W. Noel, collector aforesaid, also alleges under oath that if said David Fleming be dead, he verily believes there are persons interested in the subject-matter of this suit whose names cannot be inserted herein, because they are unknown to him, and that the interest of such persons and how derived, so far as the knowledge of affiant extends, are truly described as follows, viz: That if said David Fleming be dead, his unknown heirs or devisees claim, or might claim, an interest or right in said land by descent, inheritance, devise or operation of law. That David Fleming, if living, is a non-resident of the State of Missouri."

Attached to the petition was an affidavit as the statute requires.

We hold that the interests of the unknown parties and how derived as stated in the petition are sufficiently stated.

III. The order of publication in the tax suit is dated June 7, 1900, the petition was filed June 8th and the first publication was June 8th. The point is made that the order of publication was made before the petition was filed and is therefore illegal.

The order of publication recites: "At this day comes the plaintiff herein, by her attorney, before the undersigned clerk of the circuit court of said county, in vacation, and files her petition, alleging among

other things," etc., etc. The slight discrepancy in the dates cannot be held to outweigh the solemn declaration in the record. It sufficiently appears that the petition was on file when the order of publication was made.

IV. The statute, section 581, Revised Statutes 1899, now section 1777, Revised Statutes 1909, requires the notice to be published once a week for four weeks successively. Appellant contends that this requirement was not complied with, because the proof of publication, as appellant construes it, shows only three weeks' publication. The proof shows that the publication was made in a weekly newspaper, the affidavit of the publisher says it was published for four weeks successively; the number of the issue and the volume of the newspaper is stated thus in the proof:

"In Number 16 of Volume 26, dated June 8, 1900.

"In Number 17 of Volume 26, dated June 22, 1900.

"In Number 18 of Volume 26, dated June 23, 1900.

"In Number 19 of Volume 26, dated June 29, 1900."

Here we see an evident mistake in the dates. Bearing in mind that it was a weekly newspaper, and each issue having its number in the volume, we are given four regular weekly issues, numbers 16, 17, 18 and 19, all of volume 26. The first date is given as June 8th, the last as June 29th; from the 8th to the 29th are four successive weeks. If the dates had been correctly given they would have been, 8th, 15th, 22d, and 29th, but the way they are given is: 8th, 22d, 23d and 29th; that is, two weeks between the first and second, one day between the second and third, and one week less one day between the third and fourth publications. We are satisfied that the two dates 22d and 23d are clerical errors, but those errors are corrected by the other facts in evidence: When the publisher states in his affidavit that it was a weekly newspaper,

that the publication was made for four weeks successively, and gives the numbers of the issues, those statements are not overthrown by the dates which are inconsistent with them and apparently contradictory of each other. The circuit court had jurisdiction to try the issue of fact on which its further jurisdiction of the case depended, and the presumption is that it did so, and that on the proof offered it found that the notice had been published once a week for four weeks succesively. We think that finding was justified.

V. Over the plaintiff's objection the court admitted in evidence the record in the ejectment suit of Fleming against Friend. That ruling seems to have been based on the idea that the answer in the ejectment suit converted it into a suit in equity in which the validity of the tax suit was involved. But that was a misapprehension. In an action at law if the defendant pleads an equitable defense going to the life of the plaintiff's cause of action and prays equitable relief, the action is converted into a suit in equity. For a full discussion of that subject we refer to Hutchinson v. Patterson, 226 Mo. 174. But there was nothing in the pleadings in the suit of Fleming v. Friend to convert it into a suit in equity. The petition was for an action in ejectment, the answer was first, a general denial, then it set out affirmatively that the land had been sold under special execution of a judgment for taxes and that the purchaser at that sale had conveyed the land to defendants. The answer concluded as follows: "That he (defendant) is now in possession of said land as owner in fee simple absolute thereof." That was only a special plea setting up a legal title which could have just as well been introduced in evidence under the general denial. The reply was: "Now comes the plaintiff and for replication denies that part of defendant's answer in that defendants hold any title to the land in controversy de-

rived from any source whatever. That the pretended deeds held by them are void.''.

There was nothing in the answer indicating that the tax title under which defendants held needed any aid of a court of equity to render it valid,. but it was stated as a valid legal title. And there was no fact stated in the reply which appealed to equity for relief against the asserted legal title. The reply was a general denial of title in defendants .from any source, and an averment that their pretended deeds were void. Equity relieves against a deed valid on its face but voidable for some fact specially pleaded, but if a deed is void its condemnation is on its face, or on the face of the record out of which it arises, and a court of law is competent to pass judgment on it. In the ejectment suit the defendants could under their general denial have introduced in evidence their sheriff's deed, and that, together with the deed from the purchaser to them, would have made their prima facie case; then the plaintiff in rebuttal could have introduced the record in the tax suit out of which the sheriff's deed arose, and if that record on its face showed the judgment to be invalid, the defendant's prima facie case would have been overthrown. Ordinarily the judgment in a suit in ejectment is not *res adjudicata* of the title and there was nothing in that case to except it from the general rule; it was error, therefore, to admit the record in evidence, but it was unnecessary to the establishment of the defendants' defense, because their title derived from the sheriff's deed under execution of the judgment in the tax suit was valid and gave them a good title. Therefore the plaintiff suffered no injury by the introduction of the record in the ejectment suit.

We find no error of which the plaintiff can complain except the evident mistake pointed out in the first part of this opinion whereby the title to the whole north half of section 30, township 23, range 33, is vested by the decree in the defendant Griffin, whereas his

only claim is the northwest quarter of that section and he is entitled to that only.

The judgment is reversed and the cause remanded to the circuit court with directions to enter a decree vesting the northeast quarter of the section in question in the plaintiff and the northwest quarter thereof in defendant Griffin subject to the mortgage of defendant Tatum.

All concur.