CAIN v. HOPKINS et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 1, 1911. On Appellant's Motion for Rehearing, Nov. 29, 1911. Further Rehearing Denied Dec. 20, 1911.)

1. JUDGMENT (§ 743*)—RES JUDICATA.
    Plaintiff in trespass to try title was not entitled to offer testimony to show that the land was covered by a certain patent under

which he held, where it had been adjudged in a suit to which he was a party that the land belonged to another survey.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1253, 1275–1277; Dec. Dig. § 743.*]

2. TENANCY IN COMMON (§ 38*) — ACTIONS BETWEEN TENANTS—RIGHT TO RECOVER.
    One tenant in common can recover against a cotenant only for the undivided interest he shows in the land.
    [Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 100–118; Dec. Dig. § 38.*]

3. JUDGMENT (§ 735*) — RECITALS — CONCLUSIVENESS—FACTS NOT IN ISSUE—SHERIFF'S RETURN—EFFECT.
    Recitals in a sheriff's return on an order of sale in a former suit, and in the order for a deed, that the purchaser was an heir of a certain person are insufficient to establish that fact; it not being before the court for adjudication, on the confirmation of the sale.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1263–1265; Dec. Dig. § 735.*]

4. JUDGMENT (§ 497*)—SERVICE—COLLATERAL ATTACK — JURISDICTION — PROCESS — JUDGMENT RECORD—EFFECT.
    If a judgment recites nothing concerning service on defendants, the whole record may be looked to in another suit to determine whether sufficient service was had.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 937, 938; Dec. Dig. § 497;* Partition, Cent. Dig. § 307.]

5. APPEAL AND ERROR (§ 662*) — STATEMENT OF FACTS—CONCLUSIVENESS.
    The Court of Civil Appeals is bound by the statement of facts, having no right to look to the court's findings for the evidence.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2850–2852; Dec. Dig. § 662.*]

6. PARTITION (§ 109*)—SALE—RIGHTS OF PURCHASERS—INVALIDITY OF ORDER OF SALE.
    Interveners in trespass to try title, being heirs who were cited as unknown in a partition suit, at a sale under which plaintiff's predecessor in title purchased, were not bound to tender the amount paid for the land at the sale, or the costs adjudged against the land, as a condition to recovering the land on the ground of the invalidity of the judgment in partition.
    [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 375–397; Dec. Dig. § 109.*]

7. TRESPASS TO TRY TITLE (§ 50*)—ATTORNEY'S FEES—RIGHT TO ALLOWANCE.
    Any necessity for a defense in trespass to try title having been avoided by plaintiff's dismissal, it was error to award a fee to an attorney appointed for unknown defendants, where the contest proceeded between interveners, as plaintiffs, and the original plaintiff, as defendant.
    [Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. § 50.*]

On Appellant's Motion for Rehearing.

8. JUDGMENT (§ 499*)—COLLATERAL ATTACK—BURDEN OF PROOF.
    In a collateral attack on a former judgment for insufficiency of service by publication, parties asserting its invalidity were bound to show affirmatively from the record that the publication was insufficient.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 940; Dec. Dig. § 499.*]

9. PROCESS (§ 138*)—RETURN—SUFFICIENCY.

A return upon a citation, reciting its publication once in each week for eight successive weeks, etc., with a following inconsistent recital that the publication was made on May 15th and 25th and July 6th, is not sufficient to show defective service, on collateral attack on the judgment rendered.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 181–186; Dec. Dig. § 138.*]

10. PARTITION (§ 55*)—COSTS — PRAYER—NECESSITY.

That a petition for partition did not pray costs, and the citation did not show a claim therefor, did not prevent a sale of interests of absent defendants for costs.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 148–182; Dec. Dig. § 55.*]

11. PARTITION (§ 114*) — COSTS — ADJUDICATION OF LIEN—POWER.

In partition, costs awarded against absent defendants, including a fee to an attorney appointed for them, were properly made a lien against their share.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 440–449; Dec. Dig. § 114.*]

Appeal from District Court, Harris County; W. P. Hamblen, Judge.

Action by C. Cain against Edward H. Hopkins and others; Helen E. Hendricks and others intervening. Judgment for interveners, and plaintiff appeals. Reversed and rendered on rehearing.

Baldwin & Taylor, for appellant. G. W. Tharp, C. R. Wharton, and Robt. Houston Woody, for appellees.

JAMES, C. J. This action was brought by Cain, by a petition in trespass to try title, to recover of Edward H. Hopkins and wife, Clara B. Hopkins, and of the unknown heirs of Edward H. Hopkins and the unknown heirs of Clara B. Hopkins, their residence being alleged as unknown to plaintiff, a tract of 348 acres of land, described by metes and bounds as part of a survey patented to Wm. Francis in Harris county. After the usual allegations, this pleading went on to allege: That, prior to December 21, 1900, Sue E. Baker, Edward H. Hopkins, and wife, Clara B. Hopkins, or, in the event said Hopkins and wife were at that time dead, then their unknown heirs, were the owners of a tract of 1,043 acres in said Wm. Francis grant, and on or about that date a judgment was rendered by the Harris county district court, in the case of Sue E. Baker v. Sterling Myer et al., No. 28,-966, by which Sue E. Baker recovered against defendants therein, Edward H. Hopkins and wife, Clara B. Hopkins, and their unknown heirs, an undivided two-thirds interest in said tract of 1,043 acres, and the said Edward H. Hopkins and wife, Clara B. Hopkins, and their unknown heirs recovered the remaining one-third thereof. That the defendants in said suit were duly served by citation by publication, and the judgment rendered thereon was in all respects legal and binding on the parties. That said judgment directed that the tract be partitioned between the plaintiff and said defendants. That commissioners were duly appointed. That the decree in that partition suit adjudged that the land awarded said defendants should be charged with certain sums of money and costs, including an attorney's fee of $75, and charged with a lien therefor, and directed that their portion be sold to satisfy same, in the event of nonpayment, within 20 days from the adjournment of the court. That on December 22, 1900, the commissioners reported, and said 348 acres was set apart as the portion of said defendants. That said charges were not paid, and an order of sale issued, and the sheriff sold said 348 acres to Eva W. Walker, who afterwards conveyed same to C. A. Roberts, who afterwards, on August 31, 1901, conveyed it to plaintiff Cain.

Before the case was reached for trial, Cain dismissed his cause of action, but in the meantime a number of persons, claiming to be heirs of Edward H. Hopkins and Clara B. Hopkins, appeared and filed answer, and made themselves parties by what they styled a plea of intervention and cross-bill against the plaintiff, and thus the case remained with them as plaintiffs and Cain as defendant. Cain answered the cross-bill.

The case was heard by the court, and judgment rendered for the interveners for the land. The court first appointed Earl Wharton to represent the unknown heirs cited by publication. Afterwards the intervention or cross-bill was filed on behalf of certain named parties, claimed to be heirs, and Wharton represented these. The court then appointed G. W. Tharp to represent the unknown heirs of Edward H. and Clara B. Hopkins. The judgment was for the interveners for the land, finding them to be the sole heirs of Edward H. and Clara B. Hopkins, and decreed that the unknown heirs represented by Tharp take nothing. Cain appeals.

Under the first, second, third, and fourth assignments of error, appellant presents the following propositions:

First. That, the interveners being really the plaintiffs, they were required to show title, and having failed to do so, either from the sovereignty or by proof of common source, judgment should have been for appellant.

Second Proposition: "The undisputed evidence shows that at best only a small part of the plaintiffs were related to either Edward H. Hopkins or his wife, and at best plaintiffs could recover only a small undivided interest in the land sued for as cotenants with the defendant. (We should here state, before dealing with the proposition, that this proposition is clearly erroneous in stating that interveners sued for the land as cotenants with defendant.)

Third Proposition: "Where the defendant has several titles, one seeking to oust him

does not make a prima facie case until he shows a title superior to any one of those claimed by defendant. In other words, where the evidence shows two paper titles in the defendant, and there is nothing in the record to show that he does not equally rely on both, plaintiff is not entitled to evict him simply by showing a superior title from a common source in one of them."

The fourth proposition is substantially the same as the second.

In presenting these propositions, appellant does so upon the assumption that the judgment in the partition suit of Sue E. Baker v. Sterling Myer et al. was void. If not void, of course appellant has title. That question comes up in connection with other assignments. Assuming the invalidity of said decree, in so far as it was warrant for the order of sale and the sale of the land thereunder, we shall proceed to deal with the above propositions.

We may consider the third proposition first. In appellant's statement in the brief, he says: "The defendant, Cain, exhibited on the trial two chains of title, one through said decree of Baker v. Myer et al., and the other by a judgment rendered against Waterhouse and Miller, and a regular chain of transfers from the republic of Texas to Bowman, and from Bowman down to Waterhouse & Miller, the patent from the republic to Bowman being prior to that from the republic to Wm. Francis. The title offered by the defendant down to Waterhouse and Miller and to himself was excluded by the trial court, yet the mere offering of this title is sufficient to show that the defendant asserted title other than that through which plaintiffs claim."

[1] We notice that appellant has an assignment of error (the fifteenth) complaining of the exclusion of the evidence offered to prove that the Bowman was an older grant than the Francis, that the latter conflicted with the Bowman, and that all of the 348 acres involved in this suit was covered by the Bowman patent, under which Cain held title. The testimony offered in this connection consisted of a decree of the district court, in a case styled Alfred Waterhouse v. W. C. Corbett et al., of date May 3, 1904, whereby it was adjudicated that the Bowman survey conflicted with the Francis survey to the extent of 930.3 acres; that the Francis survey has the prior and superior right to the land; that Cain recover 348 acres of this land (which is the same land involved in the present suit). In connection with said decree, appellant offered to show by a surveyor that the Francis survey conflicted with the Bowman, and that the land in controversy is a part of the Bowman. He offered also to show title in himself to the land from Bowman, claiming that by this testimony he would establish a superior title in himself, other than that through which plaintiffs deraign title. In other words, he claimed that by this testimony he expected to connect himself with the title from the republic to Bowman. Whatever the reasons were for the ruling of the court excluding this testimony, the ruling was correct. The judgment was an adjudication that the Francis was the superior survey, and that the land was a part of the Francis, and amounted to an adjudication canceling from the Bowman survey so much of it as conflicted with the Francis, and Cain being a party to that suit was bound by the adjudication. The exclusion of that testimony leaves the record without any title exhibited, or offered to be exhibited, by appellant. The title adjudicated to him by that decree must have been by virtue of some title under the Francis patent.

Appellant exhibited no title, except the title he appeared to have under and by virtue of the decree in Baker v. Myer et al. That such title he deraigned under Hopkins and wife and their unknown heirs is clearly shown, and we perceive no error in the conclusion, evidently arrived at by the trial court from the evidence, that plaintiffs and defendant claimed title under a common source. These remarks dispose of the first and third propositions.

[2] We find, as a conclusion of fact, from the evidence, that interveners Helen E. Hendricks, L. W. Bishop, Amelia L. Walker, and Jeanette Bishop Clark were heirs of Clara B. Hopkins. This proof entitled them to recover the entire land from the defendant; he being without title, if, as assumed, the sale of the land under the decree in Baker v. Myer was void. This disposes of the second and fourth propositions. We recognize the principle of law that one tenant in common, suing another who appears to be also a tenant in common of land, can recover judgment against the defendant only for the undivided interest he shows he has in the land. But that principle has no application when the defendant is a naked trespasser; that is to say, one who is without title.

[3] We may, in this connection, refer to the contention of appellant, based on the sheriff's return upon the order of sale issued in Baker v. Myer, which recites that the purchaser was Eva Walker, "one of the heirs of E. H. Hopkins, defendant, cited by publication," and upon the order approving the sale, which directed the sheriff to execute a deed "to Eva Walker, the purchaser; she being one of the heirs of E. H. Hopkins, party defendant herein." In the present case, there was no evidence to show that Eva Walker was an heir of E. H. Hopkins, and the statement in the sheriff's return that she was is of no effect as proof of such fact. Such fact was not before the court for adjudication in passing on the sale reported, and the recital found in the order approving it is of no effect as proof of the fact.

The force of appellant's contention that Eva Walker was thus shown to be one of

the heirs of Hopkins lies in the fact that if she was an heir then appellant, who had deed from and under her, had some title, and was not a naked trespasser.

We come now to the assignments which raise the question of the validity of the judgment to support the sheriff's sale in the case of Baker v. Myer et al. As already stated, if the judgment in that case against Hopkins and wife and the unknown heirs was warranted as rendered, then the sale under it was valid, and appellant should have the land.

The judgment in Baker v. Myer et al. contains no recitation as to service. It reads: "On this, the 21st day of December, 1900, came on to be heard the above entitled and numbered cause, and all parties having announced ready for trial all questions in this cause were submitted to the court, without a jury, and the court, after hearing the evidence, is of opinion," etc.

The judgment which followed the above was that Sue E. Baker recover of Sterling Myer and wife and of Edward H. Hopkins and wife, Clara B. Hopkins, and the unknown heirs of Edward H. Hopkins and the unknown heirs of Clara B. Hopkins an undivided two-thirds interest in the 1,043 acres involved; and that Edward H. Hopkins and wife, Clara B. Hopkins, and the unknown heirs of Edward H. Hopkins and the unknown heirs of Clara B. Hopkins recover of Sue E. Baker, Sterling Myer, and his wife, Alice B. Myer, the other undivided one-third, and ordered the land partitioned accordingly, appointed commissioners, and further adjudged that Sue E. Baker pay two-thirds of the costs; and that defendants Edward H. Hopkins and wife and their unknown heirs pay one-third of the costs; and that the sum of $75, allowed Ed S. Phelps, attorney appointed by the court to represent the defendants Hopkins and their unknown heirs, be decreed as part of the costs, and assessed against said defendants, and declared the same to be a lien upon their one-third interest, and declared the costs assessed the respective parties to be a charge and lien upon their respective shares of the land, for which an order of sale shall issue, in the event of nonpayment, within 20 days from the adjournment of the court.

On January 19, 1901, the report of the commissioners was approved and the respective interests decreed; the 348 acres in question being awarded to Edward H. Hopkins and wife, Clara B. Hopkins, and the unknown heirs of Edward H. and Clara B. Hopkins. This order adjudged the commissioners' fees as part of the costs, and "adjudged and decreed that Ed S. Phelps, the attorney appointed by the court to represent said defendants served by publication, be and is hereby allowed the sum of $75 as his services for representing said defendants; and that said sum be taxed as costs in this cause against the defendants Edward H.

Hopkins and wife, Clara B. Hopkins, and the unknown heirs of Edward H. Hopkins and the unknown heirs of Clara B. Hopkins, and be a lien upon and against said defendants' one-third interest in said land, being 348 acres." It further decreed that all costs decreed against the respective parties shall be a lien and charge against their respective shares, for which an order of sale shall issue against said shares for payment of said costs within 20 days after adjournment of the term, said order of sale to be duly executed as by law provided; and the officer shall sell thereunder a sufficient specific portion of said land to pay same, and said sale shall be made subject to the approval of the court, and shall be referred to the court for approval.

Defendant introduced a sheriff's deed, showing a sale, made March 8, 1901, under an order of sale, for costs and attorney's fees issued in favor of the officers of the court and Ed S. Phelps, which deed was a conveyance to "Mrs. Eva Walker of all the right, title, and interest of Edward H. Hopkins and wife, Clara B. Hopkins, and the unknown heirs of Edward H. Hopkins and Clara B. Hopkins." This sheriff's deed recited that the land was struck off to "Mrs. Eva Walker, one of the heirs of said Edward H. Hopkins, and Clara B. Hopkins, deceased, for the sum of $110." The above sheriff's sale was reported to the court and approved, and he directed to execute the' deed "to Eva Walker, the purchaser; she being one of the heirs of E. H. Hopkins and Clara B. Hopkins, parties defendant herein, cited by publication."

[4] The judgment in Baker v. Myer reciting nothing in reference to service upon defendants, it was proper to look to the whole record in that case, to determine whether or not the service was sufficient to give the court jurisdiction to render the judgment against them. Earnest v. Glaser, 32 Tex. Civ. App. 378, 74 S. W. 605; Martin v. Burns, 80 Tex. 679, 16 S. W. 1072.

From the judgment and orders in that case, it is made manifest that the citation was by publication. All the papers in the case were shown to be lost, except the statement of facts, which, among other things, set forth in full the citation and return of the sheriff thereon, which return is as follows: "Came to hand on the 24th day of March, A. D. 1900, at 10 o'clock a. m., and I executed the within citation by publishing the same in the Houston Daily Herald, a newspaper published in the county of Harris, once in each week for eight successive weeks previous to the return day hereof. Said publication was made, respectively, on the 15th and 25th days of May, 6th day of July, 1900, and a printed copy thereof is returned herewith. A. R. Anderson, Sheriff Harris Co., by A. L. Conway, Deputy." The above is as the return appears in the statement of facts, while, as it appears set forth in

the judge's findings, the dates of publication were "the 15th and 25th days of May, 1900, and on the 8th, 15th, 22d, and 29th days of June, and on the 6th day of July, 1900, and a printed copy thereof is returned herewith." Probably an inadvertent error was made in copying the return into the statement of facts.

[5] We are of course bound by what appears in the statement of facts, and we have no right to look to the court's findings for the evidence. However, as the return appears in the findings, it does not alter the result; for, as there shown, the publications were made once a week for seven weeks, instead of eight weeks. It is true that the return states that the publication was made once a week for eight weeks, but it goes on to state specifically when the publications were made, which controls.

The citation commanded the officer to "summon Edward H. Hopkins and wife, Clara B. Hopkins, and the unknown heirs of Edward H. Hopkins and the unknown heirs of Clara B. Hopkins by making publication of this citation once in each week for eight successive weeks * * * to appear and answer a petition, * * * wherein Sue E. Baker is plaintiff and Sterling Myer and wife, Alice B. Myer, Edward H. Hopkins and wife, Clara B. Hopkins, and the unknown heirs of Edward H. Hopkins and Clara B. Hopkins are defendants; said petition alleging that plaintiff was, on February 1, 1900, lawfully seised and possessed of an undivided interest of 695 acres of land in a tract of 1,043 acres, in Harris county, * * * part of a grant of two-thirds of a league and labor granted to Wm. Francis, when defendants entered upon said premises and ejected plaintiff therefrom and unlawfully withheld same from plaintiff." Then the citation described more specifically the 1,043-acre tract, and stated that plaintiff owned 695 acres undivided interest therein, and said Edward H. Hopkins and wife and their unknown heirs owned the remainder, being 348 acres. The petition was further stated as giving in detail plaintiff's title and defendants' title, concluding with the prayer, as follows: "Plaintiff prays judgment against all of the defendants for her land, and that the same be partitioned and. set aside to her, and that commissioners be appointed to partition same, for general and special relief against all defendants.

The trial court based its judgment, holding the sheriff's sale to Eva Walker invalid, upon the conclusions:

First. That the petition in Baker v. Myer contained no prayer for costs, and the citation gave no notice to the defendants that a claim for costs was made, or that an effort would be made to fix a lien on the lands of defendants for costs, or for any other purpose; hence the court was without jurisdiction to render any judgment against the defendants cited by publication for costs, or to fix any lien against the land awarded them for costs.

Second. The effort of the court to fix a lien against the property awarded defendants, for the purpose of collecting these costs, was without warrant in law; there being no statute in this state conferring such power upon a district court.

The court expressly pretermits any conclusion as to the validity of the service in respect to the publication of the citation, stating that it was immaterial, in view of the court's opinion on the other questions just stated.

It was shown by the testimony in the present case, and so found by the trial court, that at the time of the institution of the suit of Baker v. Myer et al. both Edward H. Hopkins and his wife were dead. Thus it appears that the suit was really one against their unknown heirs, that these heirs were the real owners, and that it was peculiarly essential that the publication of the citation should have been such as to bring their unknown heirs under the jurisdiction of the court for the purposes of a valid judgment.

We recognize the rule, as established in this state, to be that, when the judgment is silent as to the matter of service, it is competent to look to the whole of the record in the case in determining what that service consisted of, and its validity, though there is authority for allowing the fact of nonresidence to be shown outside of the record, as the trial court permitted to be done in this case; he making the finding that at the institution of the suit of Baker v. Myer the defendants therein were nonresidents of Texas. The statement of facts, required by statute to be filed in all cases where the service is by publication (article 1346, Rev. St.), is a part of the record in the case. Here, it is all of the record which was found. As to how the citation was published, whether we take the sheriff's return as it is given in the statement of facts, or as it appears in the court's findings of fact, it was not published once each week for eight consecutive weeks, as is required by Rev. St. art. 1236, for citation to unknown heirs; and if that article has application to this suit, instituted against unknown heirs of certain named owners, the publication was insufficient. Appellant contends that the said statute has no application in suits for partition, which cases they claim are governed by article 3609, which is found under title 77, Rev. St., relating to the subject of partition. The latter article deals with the case of defendant owners, who are unknown to plaintiff, and provides for four weeks' publication. This is not the same as the case of unknown heirs of known owners. There is therefore no conflict between the articles. The article 1236 provides specially for a certain affidavit and service in proceedings directed against unknown heirs, which must, in our judgment, be followed in all characters of

suits brought against unknown heirs. We conclude that the record affirmatively shows an insufficient publication, and for that reason the judgment of the district court was correct, whatever merit the reasons assigned by the judge for his action may have possessed.

The affidavit required by article 3609 is "that an undivided portion of the land described in said suit is owned by some person or persons unknown to affiant." That prescribed by article 1236 requires an affidavit that the names of the heirs of a described ancestor are unknown to affiant. The suit of Baker v. Myer was brought against Hopkins and his wife as ancestors, and, upon the evident theory that they were dead, their unknown heirs were sued. The citation shows that the petition was a proceeding against the unknown heirs, and also that publication of the citation once a week for eight weeks was directed. It is manifest that the proceeding was had under article 1236, and that the affidavit must have been made as that article provided, and not the affidavit provided by article 3609. Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347. Besides, the petition in Baker v. Myer was a proceeding in trespass to try title, to which a suit for partition was joined, which would make article 3609 inapplicable.

The eleventh assignment complains of the court's considering the depositions taken in the present case, for the purpose of showing that the defendants in the cause of Baker v. Myer et al. were nonresidents of this state, and complains generally of the admission of testimony outside of the record in that case for any such purpose. Upon the view we have expressed, it is immaterial whether or not they were nonresidents; and, in view of the fact that the statement of facts, which was a part of the record, disclosed facts which warranted the judgment of the court, it is immaterial what extrinsic evidence was admitted.

What has been said in the course of this opinion sufficiently disposes of the subject-matters of the fourteenth and thirteenth assignments.

[6] There is no merit in the sixteenth assignment, which contends that the court erred in rendering judgment, because interveners had no right to recover the land without first tendering to defendant the sum of money paid for the land at said sale, or at least such sum as was necessary to satisfy the costs adjudged against the land in that case.

[7] Appellant's seventeenth assignment of error is that the court erred in rendering judgment for an attorney's fee in favor of G. W. Tharp, an attorney appointed by the court to represent Edward H. Hopkins and Clara B. Hopkins and their unknown heirs, for the reason that said attorney was not appointed, and did not file any answer until after plaintiff had dismissed his cause of action, and said attorney was not entitled to said fee, and the trial court erred in allowing the same to be charged against the defendant, Cain. The suit was brought against Hopkins and wife and their unknown heirs, as defendants, and the court appointed Earl Wharton to represent them. Afterwards Earl Wharton and other counsel appeared and filed for a number of named persons, claiming to be heirs of Hopkins and wife, an answer and cross-action. Then plaintiff was allowed to dismiss his suit, and was thereafter held in court by force of said cross-action, or intervention, as it was also called. It appears to us that when Cain dismissed plaintiff's petition the case was over, so far as those cited to answer his petition were concerned. No defense was necessary nor called for on their behalf. It was then proper to proceed with the case with said interveners as plaintiffs and Cain as defendant. Those of the original defendants who did not appear to prosecute the cross-action were out of the case, and there was no occasion nor authority to appoint Mr. Tharp to represent them. They could not be held in court in this way for any purpose. The contest was then between those who intervened and appellant. We therefore conclude that the fee was improperly allowed. We therefore conclude that the said attorney's fee should be disallowed, and the judgment in this respect modified, and that in all other things the judgment should be affirmed.

### On Appellant's Motion for Rehearing.

Upon consideration of this motion, we think we were in error in holding that the return upon the citation in Baker v. Myer discloses invalid service.

[8, 9] The attack on the judgment in this case is collateral. The judgment failing to recite that there was a valid service, it devolved upon interveners to show affirmatively from the record in that cause that the publication was insufficient. The sheriff's return upon the citation states that it was published in a certain paper once in each week for eight successive weeks previous to the return day thereof. Then follows: "Said publication was made, respectively, on the 15th and 25th days of May, 6th day of July, 1900." The latter part of the return is inconsistent with the other statement that the publication was once in each week for eight successive weeks. Therefore, instead of the return showing affirmatively an insufficient service, it, to say the most, left the matter uncertain, which condition of the record would not warrant a court in declaring as a fact, in a collateral proceeding, that the service had was imperfect. One of the duties of the court in that case was to pass on its jurisdiction to render the judgment against the absent defendants; and it will be presumed to have discharged this duty, when

the record fails to show clearly and affirmatively that the jurisdiction was wanting. This question was substantially before the Supreme Court of Missouri, in the case of Fleming v. Tatum, 232 Mo. 678, 135 S. W. 64. The presumption that the court had jurisdiction to render the judgment, not being overcome by the record, in the matter of service, the judgment in Baker v. Myer should be sustained as a valid judgment of partition. This view necessitates our considering the reasons given by the trial court for holding the sheriff's sale to Eva Walker void.

[10] The first is that the petition in Baker v. Myer contained no prayer for costs, and the citation did not show that a claim for costs was made, or that an effort would be made to fix a lien on the defendants' land. The prayer, as evidenced by the citation, was for judgment against defendants for plaintiffs' land and for partition, and for general and special relief. It is our opinion that it was not necessary for the petition or citation to show a demand in terms for an adjudication as to costs. Our statutes provide for the adjudication of costs, and in suits involving partition the court is required to adjudge the costs to be paid by each party to whom a share has been allotted in proportion to the value of such share. Whatever power the court possessed to adjudicate and enforce the payment of costs in a suit of that character, notice thereof was necessarily conveyed by notice of the character of the proceeding.

[11] The second reason is that the effort of the court to fix a lien against the share allotted defendants, for the purpose of collecting such costs, was without warrant of law; there being no statute of this state conferring such power on the district court. This reason is not in accord with the decisions. Freeman v. Alderson, 119 U. S. 185, 7 Sup. Ct. 165, 30 L. Ed. 372; Taliaferro v. Butler, 77 Tex. 578, 14 S. W. 191; Gillon v. Wear, 9 Tex. Civ. App. 44, 28 S. W. 1014; Freeman v. Preston, 29 S. W. 495.

We conclude on this subject that the court had power to adjudicate costs against the absent defendants, including the fee allowed to the attorney appointed to represent them (article 1212 omitted from Revised Statutes as published by mistake, but is found in 1 Sayles' Rev. St., on page 450), and to make such costs a lien on the land allotted to them. The judgment was against them for one-third of the costs, and, in addition to this, the fee of $75 allowed the attorney appointed to represent them, and declaring the costs as adjudged should be a lien against the respective shares, for which order of sale shall issue. In the final decree of partition, after the commissioners had reported, the lien for costs was repeated, and an order of sale authorized to issue against the respective shares of the land; the same "to be duly executed as by law provided by

the officer to whom it may be directed, and he shall sell thereunder a sufficient portion of said land to pay in full all unpaid costs, and said sale shall be made subject to the approval of this court, and shall be referred to this court for approval." The judgment was substantially in conformity with the procedure laid down in Taliaferro v. Butler. It appears, also, that an order of sale was issued, directing the sheriff to sell a sufficient portion of the land allotted to the defendants to satisfy the costs adjudged against them; and the report of the sheriff to the court shows said officer, in pursuance of said order of sale, advertised and offered the land for sale "as directed by law and by the judgment," which resulted in a sale to Eva Walker for $110 for the entire tract; she being the highest and best bidder the officer could procure therefor.

The sale was reported to the court, and was duly considered and confirmed as fairly made, and the deed directed to be made to the purchaser, which was done. The order of sale was for $91.13, together with the costs of executing the order of sale, which it seems lacked something of amounting to the sum of $110. It is contended by appellee that what was said in Taliaferro v. Butler on the subject of fixing and enforcing a lien on the respective shares of the parties for costs was obiter dictum; and that, without a statute authorizing such procedure, it is unwarranted and void in a proceeding against absent defendants.

The proceeding having the nature of a proceeding in rem, the property is subject to the court's jurisdiction to enforce the payment of the costs out of the property. The decision in Freeman v. Alderson is sufficient authority for exercising the jurisdiction in such cases. The rule of procedure stated in Taliaferro v. Butler has been referred to with approval in later cases, above cited. We conclude that the judgment as to costs was not void for the reasons given by the trial judge, nor void for the reason that we have no statute prescribing a lien for such costs; and that the sale as ordered and as made, and as approved by the court, was a substantial compliance with the rule of procedure referred to in Taliaferro v. Butler, so that neither the judgment nor the sale thereunder can be pronounced void.

It is true that the entire land was sold and brought $110, and this was slightly in excess of the amount ordered to be realized; but. in our opinion, the judge must be considered as having heard and determined all questions relating to the propriety of the sale as made in approving it, so far as the interest of the absent defendants required protection under the then existing circumstances. If it took a sale of all the land to satisfy the costs, the court had power to approve such a sale. The power existed in the court to have the entire tract sold to satisfy the costs. The specific procedure prescribed as proper

in the opinion in Taliaferro v. Butler did not affect the power of the court to satisfy the costs out of the entire property—only the exercise of it. Upon an appeal from the action of the judge approving the sale, or upon a writ of error from such adjudication, or upon a bill of review, or any direct proceeding, the proceeding might properly be declared error and relieved against, but in a strictly collateral proceeding it cannot be declared void.

Before concluding this opinion, we should mention a contention of appellant, which is that article 1346, Sayles' Rev. St., provides that in publication cases the court shall file in the papers of the cause as a part of the record thereof a statement of the evidence; that this has reference only to the evidence adduced at the trial, and does not authorize the citation and return to be so made a part of the record. We have not passed on this question for the reason that, assuming the contention to be wrong, the return, as evidenced by the statement of facts, does not disclose with certainty that the service was insufficient.

As stated in the main opinion, the appellant holds the title acquired by Eva Walker at the sheriff's sale; therefore, in accordance with the views herein expressed, the judgment of affirmance will be set aside, and judgment here rendered for appellant, but on the attorney's fee referred to in the former opinion will remain disallowed.