## Susan D. Taliaferro v. W. G. Butler et al.

### No. 6545.

1. **Citation by Publication Valid in Suits for Partition.**—The decisions to the effect that jurisdiction can not be acquired over nonresidents by publication merely of process so as to authorize the rendition of personal judgments against them have no application to suits to partition land.

2. **Citation Against Unknown Heirs.**—The Act of November 9, 1866, authorizing citation against unknown heirs by publication for partition of land, was not repealed by the Act of August 13, 1870, nor by the Act of November 20, 1871.

· 3. **Same.**—The 13th section of the Act of November 20, 1871, authorizing "the Governor to designate certain journals to perform and publish the county and judiciary printing and advertising of the judicial districts respectively in which such journals may be published," etc., did not suspend the former laws on the subject until such selection was made and notice given.

4. **Costs in Partition Suits.**—While a personal judgment for costs could not be rendered in such suits against nonresident defendants cited by publication so as to support an execution sale, still the court could provide for such costs. See practice indicated as within the power of the court.

5. **Case Followed.**—Freeman v. Alderson, 119 U. S., 185, approved and followed.

6. **Limitation—Possession.**—A possession of a party entering under a deed of a part of a large tract (200 acres of 2000 acres) is sufficient to put the statute into operation as to the entire tract described in the deed, other facts concurring.

7. **Same.**—So the enclosure of land within a large pasture with many other tracts is such possession as will support the plea of limitation.

Appeal from Karnes. Tried below before Hon. H. Clay Pleasants. The opinion contains a statement.

*S. F. Grimes* and *Swan & Bomar,* for appellant.—The court erred in holding that a narrow strip of 200 acres off the south end of subdivision No. 3, set apart to the heirs of Isaac Ticknor, was sufficient, in connection with the sheriff's deed to said subdivision to defendant, to support the statute of limitation to the whole, because said strip is so narrow as when found in connection with other lands as not to charge the world with notice of an

adverse holding. Evans v. Templeton, 6 S. W. Rep., 843, and authorities cited; Wood's Lim. Act., 503, *et seq.*

*Brown & Beasley,* for appellee Butler. — 1.   The question of the jurisdiction of a court of record over the person of the defendant must be tried in all collateral proceedings by the record alone; and if it appears that the matter of jurisdiction has been considered by the court, and there is a finding upon the subject which appears by a recital in the judgment stating that the defendant was duly cited, such finding is conclusive as to parties to such judgment.   Treadway v. Eastburn, 57 Texas, 209; Freem. on Judg., secs. 130–132.

2.   A suit brought to partition real estate is a proceeding *in rem,* and in such case service by publication to nonresident defendants is authorized and the judgment rendered therein is valid.   Pasch. Dig., art. 25; Rev. Stats., art. 1235; Freeman v. Alderson, 119 U. S., 185.

3.   When property has accrued to the heirs of a deceased person any person having a claim against them relative to such property, if their names be unknown to him, may bring his action against them as the heirs of their ancestor, describing them by his name; and if the attorney of the plaintiff shall make affidavit that the names of such heirs are unknown to him they may be cited by publication, and the judgment rendered thereon against them will be valid.

4.   The court erred in excluding the said defendant W. G. Butler's muniments of title when the same were offered in evidence by him to show title in himself to the 2029 acres of land described by him in his answer filed in said cause.

*Swan & Bomar* and *West & McGown,* for Susan E. Byrne, resisting cross-appeal of Butler. — 1.   The muniments of title of appellee Butler were properly excluded by the court, as the judgment under which he claimed the basis of said title was void, in this, that at the time of the rendition of such judgment there was no law in existence authorizing suit against unknown heirs.   1 Pasch. Dig., arts. 25, 26; 2 Pasch. Dig., art. 5460; Pasch. Dig., arts. 7009, 7010, note 1229h; 2 Pasch. Dig., art. 7337; Pasch. Dig., arts. 45–71; Act March 15, 1875, p. 170; Rev. Stats., arts. 1235, 1236.

2.   The judgment in the case of Sampson against unknown heirs of Tichnor and others ought not to be regarded as a muniment of title, as the same is void, because, among other things, there is no recitation in said judgment or in the record in this cause which shows that the unknown heirs of Tichnor cited by publication were represented as required by an attorney at law duly appointed to represent them.   2 Pasch. Dig., art. 5460; Freem. on Judg., sec. 117; Bowers v. Chaney, 21 Texas, 363.

3.   The judgment the basis of Butler's title is a nullity because the

law under which the service on the defendants was obtained is null and void.   Parrott v. Abst. Co., 4 Woods, 353; Pennoyer v. Neff, 95 U. S., 714; Nichols v. Wimmer, 29 Rep., 475; Freeman v. Alderson, 119 U. S., 185.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title to two-thirds of a league and one labor of land patented to the heirs of Isaac Ticknor.

The plaintiffs were Susan D. Taliaferro, the wife, and Susan Byrne and Louisa Parker, the granddaughters of said Ticknor.   The widow claimed an undivided one-half and the granddaughters each an undivided one-fourth of the survey.

W. G. Butler and J. D. Pace were the defendants.   The defendant Butler claimed one subdivision containing 694 acres and another one containing 2029 acres, less 186 acres sold by him to his codefendant Pace, who in addition to that claimed the remaining subdivision containing 347 acres.

Defendants answered separately, each pleading not guilty and the statute of limitations of three, five, and ten years.

The trial resulted in a judgment that plaintiff Susan Taliaferro take nothing; that plaintiff Louisa Parker recover of defendant Butler an undivided one-fourth of the portions of the survey claimed by him, and that plaintiff Susan Byrne recover of both defendants an undivided one-fourth of the entire survey.

Susan Taliaferro and defendant Butler both appealed.   Defendant Butler offered in evidence the final decree of the District Court of Karnes County in the cause of G. W. Sampson, surviving partner, against the unknown heirs of Isaac Ticknor and Robert Creuzbaur, and also a deed to him from G. W. Sampson for 694 acres of the land in controversy.   He also offered in evidence, for the purpose of showing a conveyance of the title and to support his plea of the statute of limitations of three years, an execution issued upon said judgment against the heirs of Isaac Ticknor for the pro rata part of the costs of suit that were adjudged against them in said decree, and also a sheriff's deed made to him as purchaser under said execution for the subdivision containing 2029 acres.

The court excluded all of said evidence upon the ground that service having been made by publication the decree was null and void.   Upon the issue of five years limitation the sheriff's deed seems to have been admitted.

The record shows that the petition in the partition suit was filed on July 8, 1876, by G. W. Sampson as the surviving partner of Sampson & Henricks against the "heirs of Isaac Ticknor," whose names and residences were alleged to be unknown, and Robert Creuzbaur, who was alleged to be a resident of the State of New York.

The petition charged that the firm of Sampson & Henricks owned 694

acres of the survey and that the remainder of it was owned by the heirs of Ticknor and by Creuzbaur.

Affidavit was made that the names and residence of the heirs of Isaac Ticknor, deceased, were unknown, and that Creuzbaur was not a resident of the State of Texas.

A citation was issued for the defendants and executed by publication in the newspaper published nearest to the county of Karnes for eight successive weeks prior to the return day. The final decree was rendered on the 7th day of September, 1877, and recites that "the defendants, although legally cited, came not but made default."

The land was partitioned into three parcels, described fully, and numbered and assigned to the parties as follows:

Lot No. 1, containing 694 acres, was assigned to G. W. Sampson.

Lot No. 2, containing 347 acres, was allotted to Robert Creuzbaur.

Lot No. 3, contaning 2029 acres, was assigned to the heirs of Isaac Ticknor.

The defendant Butler complains of the exclusion of the decree of partition and of the execution and the deed to him when offered by him to prove title and in support of his plea of the statute of limitations of three years.

It does not appear upon what ground the court held the decree of partition to be void, unless it was because the court could not acquire jurisdiction to partition the land through service of process upon defendants by publication.

At the date of the proceedings the Act of the 9th of November, 1886, was in force, which authorized suits to be brought against the heirs of deceased persons when the names of such heirs were unknown by describing them by the name of their deceased ancestor, and authorizing service by publication in the nearest newspaper upon affidavit being made of the required facts.

The decisions to the effect that jurisdiction can not be acquired over nonresidents by publication merely of process so as to authorize the rendition of personal judgments against them have no application to suits to partition land.

The laws in force having been pursued in the partition suit, the decree, in so far as it made partition of the land, was binding and should have been admitted in evidence.

It is contended in behalf of Mrs. Taliaferro that the Act of 1866 was repealed by the Act of August 13, 1870, which act was in turn repealed by the Act of November 20, 1871, so far as it related to the publication of process; and that after such repeal there was no act in force until 1879 providing for the service of process by publication upon unknown heirs.

The 13th section of the Act of 1871 authorized the Governor "to designate certain journals to perform and publish the county and judiciary

printing and advertising of the judicial districts respectively in which such journals may be published," or when no paper was published in a district in a paper published nearest thereto, and the act forbade the publication of judicial writs otherwise "after such selection and notice thereof to the district judge, district clerks, sheriffs," etc.

There is no evidence that such selection was ever made or notice given affecting the district in which the county of Karnes was situated. Until that was done we do not think that the laws providing otherwise were suspended. When it was done we think it would have operated at most a suspension and not a repeal of the other laws on the same subject.

The right to render a judgment for costs and through executions issued on such judgment to sell the lands allotted to the defendants presents a different question. We think that it was within the power of the court to make the costs adjudged against each party a lien upon the share of land allotted to such party, and to order its sale if the costs should not be paid.

In making such an order the rights of the absent party should be guarded by appropriate directions as to the time and manner of the sale as well as the quantity to be sold, and the sale when made should be subject to the approval of the court ordering it, and the proceedings should be so regulated as to prevent the shares allotted to absent defendants from being consumed by the costs incurred in making the division.

The personal judgment for costs rendered against defendants had no greater validity than any other merely personal judgment rendered against a nonresident on service by publication alone.

In the case of Freeman v. Alderson, 119 United States, 185, which went up from this State and which depended on facts very similar to the cause before us, the Supreme Court of the United States say: "The judgment, as far as the costs are concerned, must therefore be treated as a judgment *in personam,* and for the reason stated it was without any binding obligation upon the defendant, and the execution issued upon it did not authorize the sale made, and of course not the deed of the sheriff."

There was no error in refusing to permit the execution or the sheriff's deed to be read in evidence either to prove title or to support the plea of the statute of limitations of three years.

The deeds were admissible in evidence upon the issue of the five years statute of limitations.

Mrs. Taliaferro assigns the following error: "The court erred in holding that a narrow strip of 200 acres off the south end of subdivision No. 3, set apart to the heirs of Isaac Ticknor, was sufficient, in connection with the sheriff's deed to said subdivision to defendant, to support the statute of limitation to the whole, because said strip is so narrow in connection with other lands as not to charge the world with notice of an adverse holding."

The evidence shows that subdivision No. 3 joins subdivision No. 1 on

its north and west sides; that Butler, holding No. 1 under a deed from Sampson and No. 3 under a deed from the sheriff, resided on No. 1, and had around No. 1 and other land, embracing about 3500 acres, a fence, and that within this enclosure there was about 200 acres of No. 3 that joined the north and west sides of No. 1. We think that the court correctly held that such possession made the plea of limitation applicable to the whole of subdivision No. 3.

The proof shows that all of subdivision No. 3 except the 200 acres above mentioned lies in another enclosure containing about 50,000 acres; that all of the land in this pasture except 8000 or 10,000 acres is owned by defendant Butler; that of the land in said enclosure not owned by him Butler has all except one or two small parcels, containing in the aggregate about 500 acres, leased from the owners; that three families live in this pasture on land owned by them, which they cultivate and use for pasture—their stock running at large in the pasture; that the enclosure was built by Butler and the owners of the adjoining lands; that defendant Butler exercised control over the land in this pasture owned and leased by him, and the other parties in the pasture exercise exclusive control over their own pasture and over their own stock running at large in the pasture, and have always done so since the enclosure of the pasture; that defendant Butler claimed all of the lands in this enclosure except the 8000 acres mentioned as his own and adversely to all other persons.

We think that under these facts Butler is entitled to be treated as holding adversely so much of subdivision No. 3 as is situated in the large pasture.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered June 6, 1890.