## SIDON HARRIS v. BRYSON & HARTGROVE.

Decided February 17, 1904.

**1.—Limitation—Adverse Possession—Inclosure.**
The inclosure and exclusive use of land as a pasture constitutes adverse possession under the five years statute of limitation (by registered deed) though the inclosure in question is a general one of over half a million acres, including many other surveys with the one in question.

**2.—Limitation—Deed from Partnership.**
A deed to land by a partnership firm as such, conveys the equitable title of such firm and will support limitation under the statute of five years.

**3.—Same—Firm or Corporation.**
A deed to land from Owen, Mullins & Co. was not void on its face as being a conveyance by a partnership, but sufficient to support the five years statute of limitation, since it did not appear on its face whether such company was a partnership or a corporation.

Error from the District Court of Concho. Tried below before Hon. John N. Goodwin.

*Sidon Harris,* for plaintiff in error.

*T. C. Wilkinson,* for defendant in error.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, which resulted in a judgment for the plaintiffs for one tract of land, and for the defendants for the others, and the plaintiffs have brought the case to this court by writ of error.

The case is submitted in this court on an agreed statement of the facts proved, omitting, with one exception, detailed statements of the evidence given by the witnesses. According to the agreed facts, the plaintiffs were entitled to recover the lands awarded to the defendants, unless the facts sustained the latter's plea of the five years statute of limitations. In the court below the finding was in favor of the defendants on the issue of limitations, and the only objections urged against that finding are, (1) that the proof fails to show such adverse possession as is necessary to support limitation; and (2) that the instrument under which the defendants sought to prescribe is not a deed within the purview of the five years statute of limitations. On these points the record shows the following facts:

"1. A tax deed dated May 10, 1884, duly recorded June 17, 1887, in Concho County, Texas, duly executed by W. T. Melton, tax collector of Concho County, Texas, to J. W. Ratchford, to the said land sued for in this case, and properly described in said tax deed, said land being sold for taxes for 1883, as property of an unknown owner, consideration paid is recited to be $14.76 in the aggregate.

"2. A quitclaim duly executed by J. W. Ratchford, January 10, 1887, to Owen, Mullins & Co., a copartnership firm composed of U. C. Owen, J. W. Mullins and D. W. Hudson (so recited in said deed), to the said land sued for in this case, which is correctly described in said

deed, which was duly recorded in Concho County, Texas, January 17, 1887, consideration recited in said deed $250, and includes many other surveys of land.

"3. A quitclaim deed purporting to be executed by 'Owen, Mullins & Company' (but does not indicate in any way who were the individual members composing said copartnership firm) by D. W. Hudson, agent for said company (but no kind of a power of attorney was produced or shown to exist), which deed was dated July 9, 1888, and signed 'Owen, Mullins & Co.' by 'D. W. Hudson, agent,' and formally acknowledged by said D. W. Hudson to be his act and deed, for the purposes and considerations therein expressed, and in the capacity therein set forth in said deed, on July 9, 1888, before G. H. Garland, County Judge of Concho County, Texas, and recorded in said county on July 10, 1888; said deed purports to convey by correct descriptions the said two surveys sued for in this case, and described above herein; consideration recited in said deed is $252, but it includes many other surveys and is made to the Concho Cattle Company of Texas.

"G. H. Garland, Esq., testified that he wrote said deed; that he was acting as attorney for the vendees in said deed, the Concho Cattle Company of Texas, a private corporation under the laws of Texas, in the purchase of tax title claims to lands in its pasture. That he knew the said copartnership firm of Owen, Mullins & Co.; that said firm was composed of U. C. Owen, J. W. Mullins and D. W. Hudson; that D. W. Hudson was the company part of said firm name; that he saw and talked with U. C. Owen and J. W. Mullins prior to the making of said deed, and that they told him that the other member, D. W. Hudson had their consent to make said deed, and that he then prepared said deed to be made by Hudson.

"4. A quitclaim deed dated November 26, 1900, executed by the Concho Cattle Company of Texas, a private corporation under the laws of Texas, by its president R. T. Kingsbury to J. H. Bryson and A. A. Hartgrove, composing the firm of Bryson & Hartgrove, recorded in Concho County, Texas, on the 4th day of February, 1901, and conveys the said two surveys of land sued for in this suit, and which are correctly described thereon, and as hereinbefore described, together with five other surveys; consideration recited is $726.

"5. It is admitted that said Concho Cattle Company of Texas inclosed said lands in their pasture in 1888, which pasture took in part of Concho County and McCulloch County, and was about twenty-five miles across it north and south, and about the same distance east and west, but that said company had exclusive and continuous possession and control of said pasture from that date until they sold Bryson & Hartgrove, November 26, 1900, and during all said years claimed and exclusively used said lands under said deed to it by 'Owen, Mullins & Co.' of date July 9, 1888, and paid taxes on said land from 1888 to 1899, inclusive, as they accrued. That Bryson & Hartgrove have continued the payment of all taxes on said lands since their purchase of said land

from said Concho Cattle Company, November 26, 1900, and also the exclusive and continuous control and use of said pasture which they also purchased from said company in 1900, claiming and using the said lands sued for under their said quitclaim deed from said company. That said lands have been continuously inclosed in said pasture since 1888, and have been continuously used by said Concho Cattle Company of Texas and said Bryson & Hartgrove respectively, since that time, for grazing cattle, and that the possession of said lands by said Concho Cattle Company of Texas, from the time they inclosed same till the·sale of same to said Bryson & Hartgrove, and the possession of said Bryson & Hartgrove since that time has been peaceable, open, notorious, exclusive and adverse, but that there was no improvements upon these particular tracts, and no fencing, except that inclosing said pasture."

It has been decided that the amendment of 1891, regulating the effect to be given to alleged possession, based on inclosures exceeding 5000 acres, is limited to the ten years statute of limitations, and has no application to the five years statute. The ruling referred to is not assailed in this case, but it is urged that, on general principles, an inclosure embracing a half a million acres of land, though used as here shown, does not constitute adverse possession.

On the authority of Church v. Waggoner, 78 Texas, 200, we overrule that contention.

The other point urged is that the deed executed by Owen, Mullins & Co. was void and could not be made the basis of limitation under the five years statute. This contention rests upon the proposition that a deed to or from a firm can not pass title, and is therefore void. This proposition is unsound. In Frost v. Wolf, 77 Texas, 455, it was held that while such a deed would not pass the legal title, that it would convey an equitable title. An instrument which conveys any right whatever, whether legal or equitable, is not absolutely void. As to the five years statute of limitation the rule is that any instrument in the form of a deed, and not void upon its face, may be used as the basis of such limitation. That question is fully discussed and the authorities collated in Schliecher v. Gatlin, 85 Texas, 207.

Furthermore, we hold that the deed in question was not void upon its face, not only because a deed executed by a partnership is not void, but for the further reason that the record fails to show that the deed disclosed upon its face the fact that it was executed by a firm. A person examining the county records and finding a copy of an instrument executed by Owen, Mullins & Co., without anything to indicate whether the grantor was a copartnership or a corporation, would have no right to assume that it was the former and not the latter. In other words, there could have been a private corporation called "Owen, Mullins & Co.," and such a corporation could have acquired and conveyed the legal as well as the equitable title to the land.

No reversible error has been pointed out, and the judgment is affirmed.

*Affirmed.*

Writ of error refused, May 19, 1904.