## WALKER COUNTY LUMBER CO. et al. v. SWEET et al.

### No. 2090.

Court of Civil Appeals of Texas. Beaumont.
June 25, 1931.

Rehearing Denied July 1, 1931.

Dean & Humphrey, of Huntsville, and C. J. Landram, of Houston, for appellants.

Crawford & Crawford, of Conroe, for appellees.

WALKER, J.

This suit was by appellees, the surviving widow and children of Charlie Sweet, deceased, against appellant Walker County Lumber Company, to recover the value of certain timber cut and removed by Walker County Lumber Company from 140 acres of land, a part of the J. M. De la Garza 11-league grant in San Jacinto county. Appellees' title to the land, as pleaded by them, rested entirely upon the ten years' statute of limitation. The title to the land was not formally in issue under the pleading—only the title to the timber. Walker County Lumber Company claimed the timber by purchase from the estate of Thomas S. Foster. Admittedly the legal title to the land was owned by the Foster estate, unless appellees had perfected title under the statute of ten years' limitation. Walker County Lumber Company impleaded its grantor and asked judgment on its warranty if cast in the suit. Upon trial to the court without a jury, judgment was entered in favor of appellees for 294,500 feet of timber, the amount cut and removed from the land by Walker County Lumber Company, at $5 per thousand with interest at o per cent. per annum from the 30th day of July, 1928, and judgment in its favor against the Foster estate for $1,325.25 with 6 per cent. interest, the amount due under the warranty. The defendants have duly perfected their appeal from the judgment as entered.

Appellees make the following objections to appellants' brief.

█ First. That it was prepared in violation of the rules of briefing prescribed by the Supreme Court for the Courts of Civil Appeals. Appellants have wholly failed to comply with rule 30, and but for the abrogation of that rule by recent legislation, enacted since this brief was filed, we would be compelled to strike the brief from the record. Nacogdoches Independent School District v. Adams (Tex. Civ. App.) 36 S.W.(2d) 567.

█ Second. Appellants filed no motion for new trial and did not request conclusions of fact and law, but duly excepted to the judgment, as entered, and gave notice of appeal in the manner provided by law. Appellants have presented their appeal upon assignments of error against the judgment of the court, filed after the adjournment of the court, and which were in no way called to the attention of the lower court. Upon this statement, there being no motion for new trial nor conclusions of fact of law in the record, appellees assert that we are without jurisdiction to review appellants' assignments that the judgment of the lower court was without support in the evidence and so against the great weight and preponderance of the evidence as to be clearly wrong. This proposition is without merit. It requires no citation of authority to sustain appellants' contention, in answer to appellees' proposition, that where proper exceptions are reserved to the judgment, when rendered, and notice of appeal given to the Court of Civil Appeals, we have jurisdiction to review assignments attacking the application of the law by the lower court to the uncontroverted facts; also, upon proper assignment, we have jurisdiction to review the proposition that the judgment of the lower court is so against the great weight and preponderance of the evidence as to be clearly wrong.

We have given careful consideration to the fair and accurate summary made by appellants of the evidence offered by appellees. From appellants' statement of the case, without citing the evidence, it is our conclusion that the following issues were raised: (a) Charlie Sweet and his surviving widow, one of the appellees herein, established their home upon the 140 acres of land in controversy about 1894 and within a short time thereafter had this 140 acres surveyed out by metes and bounds: (b) they entered upon this land for the purpose of maturing in themselves a title thereto by limitation, and lived continuously upon this land from the date of their entry and survey for eight years, that is, until 1902, at which time they moved off the land and established their home in or near Austin, Tex.; during the time they lived upon this land they cleared a field of about 12 acres, used, occupied and enjoyed, and notoriously held the same adversely against the world: (c) immediately after moving off the land they put Jim Sweet, Charlie Sweet's brother, in possession as their tenant, and he held the land for them continuously, cultivating, using and enjoying it, for eight consecutive years, that is, until 1910; during this time he occupied one of the houses on the land and cultivated the open land each year from 1902 to 1910, and held about 20 acres under fence as a pasture, which he fenced and used as a pasture continuously during the entire period of eight years; during this period of time he paid his brother, Charlie Sweet, $12 per year for rent for the use of the land and Charlie Sweet visited him upon the land once each year during the period of eight years for the purpose of collecting the rent. The testimony upon these issues was sharply controverted, but there was evidence raising each of the conclusions as stated. Not only were the issues controverted, but appellants offered testimony impeaching appellees' main witness, Jim Sweet, in this way: They offered in evidence a statement of facts in a case by Jim Sweet against the owners of an adjoining survey, in which suit he recovered title by limitation to a certain tract of land against the record owners thereof. In the statement of facts it was

shown that Jim Sweet testified to the facts that matured his title by limitation, which period covered the time that he claimed to be in possession of Charlie Sweet's land as his tenant. He denied that he testified in that case.

■ Actual, open, visible, notorious, distinct, exclusive, and hostile possession continued for ten years under a claim of right is sufficient to mature title under the statute of ten years' limitation (Rev. St. 1925, art. 5510). There was evidence, as appears from our statement above, raising issues to sustain every element of this proposition.

■ Appellants assert that appellees have no cause of action without the supporting testimony of Jim Sweet. For the purpose of this opinion we agree with that contention. In their oral argument, if we correctly understood them, but the proposition would be true independent of their concession, they conceded that, on the face of Jim Sweet's testimony, if he could hold as tenant for his brother Charlie, it was sufficient to raise the issue of limitation. But they further insisted, on the record as a whole, that they had so impeached Jim Sweet that, as a matter of law, his testimony was without probative force. This proposition cannot be sustained. That appellants may have impeached Jim Sweet did not destroy his testimony, as a matter of law. Where the trial is to the court without a jury, and there are inconsistencies in the testimony of a witness, the trial court may accept portions of his testimony and reject other portions, and may accept his testimony as true, regardless of the character of impeaching testimony offered against him. He is the exclusive judge of the credibility of the witness and of the weight to be given his testimony. That the witness was impeached is merely a circumstance to be considered by the trial court in determining his credibility.

■ Appellants strongly controverted every fact offered by appellees on the issue of limitation, and, had the case been tried before us, we might have found in their favor. But that statement does not authorize us to set aside the judgment of the lower court. That court, and not this court, was the judge of the credibility of the witnesses and the weight to be given their testimony. We can set aside a fact finding of the lower court, or his judgment, when the case is tried to him without a jury, only when, in our judgment, the record is such that an honest mind, uninfluenced by bias or prejudice, would be impelled to a contrary decision. In other words, where there is some evidence to support the judgment, it must stand unless, weighed in the light of all the evidence, it is of such a nature as to shock the conscience of the appellate court.

It is our conclusion, after a review of the statement of facts, that the judgment of the lower court has support in the evidence, and that we should not set it aside as being against the great weight and preponderance of the evidence.

But, giving all due weight to every circumstance offered by appellees in support of their theory of limitation, appellants assert that the judgment of the lower court was wrong, as a matter of law; that is, conceding as true the testimony of all of appellees' witnesses, the judgment was without support. This proposition is based upon the following facts: While Charlie Sweet was living upon this land in a house built by him for himself and family, he built another house near his home for the use of his old father and mother. Jim Sweet lived in that house with the father and mother. Subsequent to 1894 the suit of McManus et al. v. Andrews et al. was filed in the district court of San Jacinto county, in trespass to try title, involving a large tract of the De la Garza grant, including the 140 acres in controversy herein. That suit was by the record owners against a large number of squatters on this land. The judgment, as rendered, was in favor of the plaintiffs, as record owners, against these squatters, including Jim Sweet, and the father of Charlie and Jim Sweet. That judgment was entered in 1901. Charlie Sweet was in no way a party to that suit. After that judgment became final, as above stated, Charlie Sweet moved off his land and placed Jim in possession thereof as his tenant. Appellants attack the judgment because, to quote from their brief: "The proof is insufficient to show that Charlie Sweet, the husband of plaintiff, Mary Nancy Sweet, and the father of the other plaintiffs, was in the exclusive and open possession of the land described in plaintiff's petition, and because the proof shows that not only the said Charlie Sweet and his family, but his father and mother and other members of said family were in possession of said land and premises and were openly occupying and exercising control thereof to make them joint claimants with the said C. D. Sweet and the judgment by default against one or more of the parties so in possession was sufficient to interrupt the running of the statutes of limitations in favor of the others." This proposition does not have support in the uncontroverted facts. The issue was clearly raised that Jim Sweet and the father of Charlie and Jim Sweet had no claim whatever upon the land and never asserted any claim thereto and were merely living upon the land with Charlie, who, because of the feebleness and old age of his parents, was supporting them.

■ Appellants further contend that because Jim Sweet was named as a defendant in the judgment rendered in McManus et al. v. Andrews et al., he was disqualified to become Charlie's tenant, and that his possession, as a matter of law, was not notice to appellants

of Charlie's adverse claim. This proposition is denied. Jim Sweet was never in possession of the land in his own right, never asserted any claim thereto, and never committed a hostile act in his interest as against the record owners. After his entry under his rental contract with his brother Charlie, he was in possession only as Charlie's tenant, but as notoriously as if Charlie himself had remained in possession. He cultivated the land Charlie had cultivated, and in addition thereto fenced up and used as a pasture about 20 acres of land more than Charlie had used. We know of no principle of law disqualifying Jim to hold the land as his brother's tenant.

Upon the whole record the issues presented to the lower court were issues of fact, and under well-recognized principles of law his judgment upon these facts should not be disturbed.

Appellants have other propositions which have had our careful consideration, but they are clearly without merit and require no detailed discussion. For the reasons stated the judgment of the lower court is in all things affirmed.

Affirmed.