## NIEMANN et al. v. GARCIA.

No. 10648.

Court of Civil Appeals of Texas. San Antonio.

Oct. 9, 1940.

Rehearing Denied Nov. 13, 1940.

Horace P. Guerra, Jr., of Rio Grande City, and Lester Whipple and Tabor Stone, both of San Antonio, for plaintiffs in error.

Bismark Pope and John A. Pope, Jr., both of Laredo, for defendant in error.

NORVELL, Justice.

This is an action of trespass to try title brought by M. M. Garcia against the heirs of William Niemann, deceased, for the recovery of title and possession of Survey Nos. 907, 908, 913 and 917, Starr County Public School Lands. Plaintiff also specially pleaded the five and ten year statutes of limitation. Articles 5509 and 5510, Vernon's Ann.Civ.Statutes. Defendants pleaded not guilty. Trial was to a jury and from a judgment based upon an adverse verdict, defendants bring the case here by writ of error. The parties, for convenience, will be designated as appellants and appellee.

It appears that appellee and appellants' ancestor, William Niemann, were tenants in common of the surveys above mentioned, from 1915 until Niemann's death, in 1918, subject to the unpaid balance of the purchase price due the State; Garcia owning an undivided two-thirds interest and the remaining one-third interest being held by Niemann.

William Niemann married sometime prior to 1891 and his widow, Josephine Niemann, survived him. Shortly after her husband's death, the widow made application for community administration to the County Court of Kleberg County, under what is now Article 3664 et seq., Vernon's Ann.Civ.Statutes. Upon this application, she was appointed community administratrix and gave bond as such. An inventory was filed which failed to list the property involved here.

Josephine Niemann executed the following conveyance to the appellee:

"The State of Texas:

"Kleberg County:

"Know All Men by These Presents:

"That I, Josephine Niemann, of the County of Kleberg and State of Texas, acting for myself and as Administratrix of the estate of my deceased husband, William Niemann, for and in consideration of the sum of Five Hundred Dollars ($500.00), to me in hand paid by M. M. Garcia, of the County of Webb and State of Texas, the receipt of which is hereby acknowledged and confessed, and the further consideration of the assumption and payment by the said M. M. Garcia, of all indebtedness, taxes and interest now due the State of Texas by the said Josephine Niemann, or by the Estate of the said William Niemann, on the following described public school lands, situated in Starr County, Texas, to-wit:

"Section No. 907, Certificate No. 1546, W. D. Stephenson, Grantee;

"Section No. 908, Certificate No. 1577, T. F. Wilson, Grantee;

"Section No. 917, Certificate No. 1873, R. D. Storey, Grantee;

"Section No. 913, Certificate No. 1781, J. S. Goodwin, Grantee;

do by these presents, bargain, sell, release and forever quit-claim unto the said M. M. Garcia, his heirs and assigns, all my right,

title and interest,—the same being a one-third (1/3) interest,—in and to each of those certain tracts or parcels of land lying in the County of Starr and State of Texas, and described as follows, to-wit:

"Section No. 917, Certificate No. 1546, W. D. Stephenson, Grantee;

"Section No. 908, Certificate No. 1577, T. F. Wilson, Grantee;

"Section No: 917, Certificate No. 1873, R. D. Storey, Grantee;

"Section No. 913, Certificate No. 1781, J. S. Goodwin, Grantee;

all the above described lands being public school lands situated in Starr County, Texas.

"To have and to hold the above described premises, together with all and singular the rights, privileges and appurtenances thereto in anywise belonging unto the said M. M. Garcia, his heirs and assigns forever, so that neither I, the said Josephine Niemann, nor my heirs, nor any person or persons claiming under me shall, at any time hereafter, have, claim or demand any right or title to the aforesaid premises or any appurtenances, or any part thereof.

"Witness my hand at Kingsville, Texas, this 5th day of January, 1921.

"Witness:
S. W. Muma

"Mrs. Josephine Niemann, for myself and as Administratrix of the Estate of William Niemann, Deceased.

"The State of Texas:
"Kleberg County:

"Before me, the undersigned authority in and for Kleberg County, Texas, on this day personally appeared Josephine Niemann, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed for herself and in the capacity therein stated.

"Given under my hand and seal of office, this 5th day of January, 1921.

"(Seal)

"Chas. H. Reese, Notary Public in and for Kleberg County, Texas."

It is appellants' contention that the property described in the deed above mentioned was the separate property of William Niemann, and that said instrument conveyed only a life estate in one-third of the one-third interest described in the deed, which terminated upon the death of Josephine Niemann in 1928. The jury found that the property involved was not the separate property of William Niemann.

Appellants contend, however, that the trial court erred in excluding certain testimony offered by appellants upon this issue. Appellants' statements under their propositions relating to the exclusion of this testimony do not make it very clear as to what the testimony of the witnesses would have been, except for the court's ruling.

Under Rule 62a for Courts of Civil Appeals, a case for reversal is not presented simply by showing an erroneous ruling of the trial court on the exclusion of evidence. It is necessary that the record show either, by agreement of the parties, a statement of the trial court or actual testimony of the witness, what the testimony of the witness would be, so as to enable this Court to determine whether or not the erroneous ruling of the trial court probably caused the rendition of an improper judgment. The 1931 amendments of Articles 2237, 2238 and 2239 of the 1925 Revised Civil Statutes, Vernon's Ann. Civ.St. arts. 2237–2239, providing that bills of exception may be shown in the reporter's transcript of the testimony do not change the above rule in any way.

The record is further confused by appellee's statements, presumably from the record, that the witnesses involved actually testified, without objection, to those facts which appellants contend were excluded. Upon examination of the statement of facts, we find that much of the testimony relied upon by appellee as having been adduced without objection, was actually brought out on cross-examination by appellee's attorney. The rule that the improper exclusion of evidence is harmless when it appears that similar evidence was introduced without objection, does not necessarily apply when that evidence is brought out on cross-examination, as the probative force of testimony is often affected by the manner in which it is elicited.

From our examination of the statement of facts, it appears that three witnesses, namely, M. V. Niemann, Lula Niemann and Sam Niemann, children of William Niemann, deceased, and appellants here, would have testified to two facts through "common knowledge" within the family:

(1) That the property involved was claimed by William Niemann as his separate property, and (2) that William Niemann had inherited some money from his father in Germany, with which he had made the initial payment upon the land in question.

The evidence was offered by appellants "not * * * as evidence of title, but simply evidence as to who was claiming the property—to explain the nature and character and the possession of William Niemann and to show the extent of his interest and the character of his holding."

■ The trial court excluded this proffered testimony. This was not error, as the testimony is clearly hearsay. The testimony to the effect that money inherited by William Niemann was used to purchase the property is a self-serving declaration by him and the fact that it has been repeated by him or others at the family fireside or within the family circle could not and does not change its nature. It has been held that declarations of a person in possession of land that he paid for it, and it was purchased for him, are not admissible in evidence in favor of one claiming title through him. Gilbert v. Odum, 69 Tex. 670, 7 S.W. 510.

■ The fact that William Niemann is dead does not render his statements admissible or take them out of the rule prohibiting hearsay testimony. McCormick and Ray, Texas Law of Evidence, p. 447.

Appellants contend that under Chapman v. Kellogg, Tex.Com.App., 252 S.W. 151, the testimony that William Niemann claimed the land as his separate property, according to the information and knowledge of the family, was admissible. The Chapman case holds that where the genuineness of an ancient instrument is attacked by an affidavit of forgery, evidence based upon family information and knowledge is admissible to show a claim of title on the part of the grantee under the alleged forged instrument, not as evidence of title, but as a circumstance tending to show that the questioned deed was genuine. In this case, however, the claim of ownership is not offered as a circumstance tending to prove an independent fact, such as the existence of a conveyance or the genuineness of a disputed document. This testimony, if relevant at all, bears directly upon the question of title, and is clearly inadmissible for such purpose. Considering the offer of the testimony for the limited purpose made by counsel, it seems to us that the testimony was irrelevant to any issue in the case. The particular independent fact, other than title, upon which the testimony bears is not pointed out or made clear. We therefore hold that the bill of exception contained in the statement of facts in regard to this particular matter fails to show reversible error. Mooring & Lyon v. McBride, 62 Tex. 309.

■ There being no error shown which would justify the setting aside of the jury's finding that the property involved was the community property of William and Josephine Niemann, we are of the opinion that the deed introduced in evidence, executed by Josephine Niemann, conveyed her interest in the property, as well as that of her deceased husband. She was the duly qualified survivor in community, under appointment of a court having proper jurisdiction, and the deed purported to convey her deceased husband's interest as well as her own. Iiams v. Mager, Tex.Civ. App., 216 S.W. 422.

If we be mistaken in this, however, we are of the opinion that the evidence supports the jury's findings favorable to appellee upon his special pleadings of title by virtue of the five and ten year statutes of limitation.

■ Appellants contend that the deed from Josephine Niemann is insufficient under the five year statute. This deed is not void upon its face, and the "right, title and interest" sought to be conveyed is specifically described as "being a one-third (1/3) interest" in and to the property here involved, subject, of course, to the amount due the State of Texas upon the unpaid purchase price. In determining whether or not a deed is sufficient under the five year statute, the question is not one of the validity of the deed as a conveyance, but one of notice. There can be no doubt but that the deed here involved was sufficient to give notice of the fact that under it Garcia claimed a one-third interest in and to Sections of Surveys Nos. 907, 908, 913 and 917, as that interest is specifically set out in the deed. Merriman v. Blalack, 56 Tex.Civ. App. 594, 121 S.W. 552; Harris v. Bryson & Hartgrove, 34 Tex.Civ.App. 532, 80 S. W. 105.

The further contention is advanced that as certain of the appellants were minors during the period relied upon by appellee for title by adverse possession, the judgment against said parties can not be sus-

tained upon the theory of title by limitation. Specifically, it is urged that appellants Caesar and Sam Niemann did not reach their majority until 1933, and the record shows that the taxes were not paid each year before they became delinquent for each of the five years from 1933.

 Appellants' propositions raising these contentions must be overruled. A limitation title must be specially pleaded. Erp v. Tillman, 103 Tex. 574, 131 S. W. 1057; 41 Tex.Jur. 567. When this is done it is necessary that infancy, a personal privilege, be specially pleaded in avoidance of the limitation title or such defense will be considered waived. Krause v. Hardin, Tex.Civ.App., 222 S.W. 310; Didier v. Woodward, Tex.Civ.App., 232 S. W. 563; 2 Tex.Jur. 45. The rule stated in City of Austin v. Hall, 93 Tex. 591, 57 S.W. 563, is not applicable to cases such as this, where the persons against whom a limitation title is asserted are parties to the suit.

Being of the opinion that appellants' assignments and propositions thereunder fail to show reversible error, they are accordingly overruled and the judgment of the trial court is affirmed.