CRANDELL v. GARZA et al.

No. 12640.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 24, 1954.

Rehearing Denied March 17, 1954.

plea of not guilty, filed a cross-action to recover the eighty acres. The trial was to a jury and, based upon their verdict, judgment was rendered awarding the eighty acres of land to the plaintiffs and denying any recovery to defendant, Mrs. John L. Crandell, from which judgment she has prosecuted this appeal.

Appellant's first point is that the court erred in overruling and not granting or sustaining her motion for an instructed verdict and motion for judgment non obstante veredicto, in that appellant showed a complete record or chain of title from the sovereignty of the soil, while appellees totally failed to show, even according to their own testimony, that they were anything more than naked trespassers.

Appellant's second point is that the trial court erred in overruling and not granting appellant's motion for an instructed verdict and motion for judgment non obstante veredicto, in that appellees themselves testified upon the trial of this case, that they had never claimed the land in dispute until about two or three years prior to the trial, and that the eighty-acre tract was enclosed with a fence with their land as a convenience to them, and that the use thereof was merely instant to the use and possession of their adjoining lands, all of which completely defeated any limitation claim asserted by appellees. We overrule these two points.

The eighty-acre tract of land involved herein is bounded on the east by an eighty-acre tract owned by appellee Vera, and on the west by a one hundred sixty acre tract owned by appellee Garza. These three tracts of land comprise the north half of Sweden Farm Lot No. 27, in Duval County, Texas. Appellant's husband, John L. Crandell, under whom appellant claims, agreed to purchase the eighty-acre tract in dispute, and such agreement is evidenced by a written memorandum dated February 2, 1907. Appellee Librado Garza acquired his adjoining one hundred sixty acre tract in 1923, while appellee Vera acquired his adjoining eighty-acre tract in 1925. The N½ of Section 27, being composed of the

---

Perkins, Floyd & Davis, Kenneth Oden, Alice, for appellant.

Lloyd & Lloyd, Alice, for appellees.

**W. O. MURRAY, Chief Justice.**

This suit was instituted in the form of a trespass to try title by Librado Garza and Guillermo Vera, as plaintiffs, against Mrs. John L. Crandell, as defendant, seeking to recover title to eighty acres of land located in Duval County, Texas, and known as the W½ of NE¼ of Sweden Farm Lot No. 27. Mrs. Crandell, in addition to her

Garza 160-acre tract, the Vera 80-acre tract, and the Crandell 80-acre tract, is enclosed within one fence, there being no other fences within the one enclosure other than the fences around two small fields. The following plat indicates the situation of the land:

the 160-acre tract immediately west of the land in dispute in 1923, and that appellee Vera purchased the 80-acre tract immediately east of the land in dispute in 1925. That he (Garza) with the help of a brother built a fence in 1925, completely surrounding the north half of Lot 27. That

## SWEDEN FARM LOT NO. 27

The hatched lines represent the fence enclosing the N½ of Sweden Farm Lot No. 27. The square in the NE corner of the Vera 80-acre tract and the square in the NW corner of the Garza 160-acre tract represent the only lands within the N½ of Sweden Farm Tract No. 27 which are under cultivation. Appellee Librado Garza testified that he is the brother-in-law of appellee Vera. That he purchased

the 80 acres in dispute has been used for grazing of cattle and the cutting of fence posts since 1925, and that there are no cross fences within the fence enclosing the N½ of Lot No. 27 of the Sweden Farm Lots. None of the 80 acres in dispute is in cultivation. Garza further testified that appellees have often gone on this land and repaired the fence, put posts and wire in when needed; that he and Vera had used it to-

gether, and since 1925 have claimed this land and they have not recognized the claim of any other person.

■ On cross-examination, however, Garza testified he had not claimed the land for more than two years. He also testified that he included the 80 acres in dispute only because it was convenient when he fenced the north-one-half of Lot 27 of the Sweden Farm Lots. The testimony of Guillermo Vera was somewhat to the same effect. It was undisputed that Garza and Vera had possession of the 80 acres involved, under fence with their other land since 1925, and the only evidence that they were not claiming the land comes from appellees themselves. There was other evidence in the record which would warrant the inference that, in saying they had not claimed the land for more than two years, they might have referred to their formal claim when they filed suit. Appellees were apparently illiterate and testified in the Spanish language through an interpreter. This inconsistency in their testimony presented a conflict of evidence and a question of fact to be passed upon by the jury. Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453; Stewart v. Luhning, 134 Tex. 23, 131 S.W. 2d 824; O'Meara v. Williams, Tex.Civ. App., 137 S.W.2d 66; Aetna Ins. Co. v. English, Tex.Civ.App., 204 S.W.2d 850; Rose v. O'Keefe, Tex.Com.App., 39 S.W.2d 877; Funk v. Miller, Tex.Civ.App., 142 S. W. 24; Walker County Lumber Co. v. Sweet, Tex.Civ.App., 40 S.W.2d 225.

■ Appellant contends that the fencing of the land along with other land and the use of the land for grazing livestock, alone, is not such use as will support a claim under the ten-year statute of limitation, Art. 5510, Vernon's Ann.Civ.Stats. We overrule this contention. See, Annotations, 170 A.L.R. 838; Harris v. Bryson & Hartgrove, 34 Tex.Civ.App. 532, 80 S.W. 105; Caver v. Liverman, 143 Tex. 359, 185 S.W.2d 417; Vergara v. Myers, Tex.Com.App., 239 S. W. 942; Broughton v. Humble Oil & Refining Co., Tex.Civ.App., 105 S.W.2d 480; Chittim v. Auld, Tex.Civ.App., 219 S.W.2d 702; Taliaferro v. Butler, 77 Tex. 578, 14 S.W. 191; Ogletree v. Evans, Tex.Civ.App., 248 S.W.2d 804; Wallis v. Long, Tex.Civ. App., 75 S.W.2d 138; De Martinez v. De Vidaurri, Tex.Civ.App., 219 S.W.2d 823.

■ There can be no doubt but that in addition to possession there must be a claim of right to the land, but our decision here is based upon the fact that there was a conflict of evidence as to whether or not appellees were claiming the land as their own at the time they fenced it in 1925, and thus a question of fact was raised which could be properly decided only by the jury.

Appellant further contends that appellees were permissive tenants on the land in the beginning and never gave notice to the record owner by any overt act that they were changing their permissive possession to that of a hostile claim of right. We do not agree with this contention. If you believe one part of the testimony given by appellees at the trial, you would conclude that they have been claiming the eighty acres in dispute since they fenced it in 1925, while if you believe another part of their testimony, you would conclude that they had never made any claim of right to the land until about two years before the trial. The only way their testimony can be reconciled is, that when they said they had not made any claim of the land until about two years before the trial, they were referring to the time they had filed their suit. There is nothing in the record to show that they ever knew that Mrs. Crandell owned this land. They had had open and peaceable possession of the land for more than twenty-five years. No one made any claim of ownership of the land to them during this period of more than twenty-five years. Mrs. Crandell had made only one visit to the land during this twenty-five year period; she had seen that it was fenced along with other land, but apparently made no inquiries and did not say one word to appellees. Three neighbors testified to the uninterrupted possession of the land by appellees for more than twenty-five years. Under such circumstances the jury might well find that

appellees were claiming the land from the beginning. Such finding was not against the great weight and preponderance of the evidence, as contended by appellant.

The judgment is affirmed.