**PALACIOS TOWNSITE COMPANY,**
Appellant,

v.

**Pete GRAFF et ux., Appellees.**

**No. 7463.**

Court of Civil Appeals of Texas.

Texarkana.

Jan. 22, 1963.

Rehearing Denied Feb. 19, 1963.

Harris, Salyer & Taylor, Al Taylor, Bay City, for appellant.

Joe Entzminger, Bay City, for appellees.

DAVIS, Justice.

This is a suit for title and possession of 57.524 acres of land. It was stipulated that a patent on the land had been issued by the State of Texas, had been recorded in Matagorda County, and record title thereto was in Palacios Townsite Company.

Trial was before a jury. Only one special issue was submitted as to whether or not the appellees, by themselves, or through a tenant or tenants, had and held peaceable and adverse possession of the tract of land in controversy, cultivating, using and enjoying the same for a period of ten consecutive years prior to April 12, 1961. The jury answered in favor of the appellees. Judgment was entered accordingly, and the appellant has perfected its appeal and brings forward five points of error.

By its first, second and third points of error appellant takes the position that: the court erred in failing to grant their motion for instructed verdict because the testimony of Pete Graff clearly demonstrated that his possession was in subordination to true ownership; the court erred in submitting to the jury Special Issue No. 1 because testimony of Pete Graff clearly demonstrated that his possession was not adverse to the claim of the true owners; and, the court erred in overruling appellants' motion for judgment notwithstanding the verdict because of the foregoing alleged testimony. According to the evidence, the appellees had the land in question surveyed and completed a fence around the same about May of 1940. Since that time they have claimed the land against the appellant and against the world. Such is the testimony of both Mr. and Mrs.

Graff. Their testimony is corroborated by several disinterested witnesses. There was no limitation upon the testimony except by cross examination. These points are based upon the following testimony elicited from Mr. Graff by the appellant:

"Q. If they had come out, Mr. Graff, and told you it was their land, would you have gotten off?

"A. I don't know about that, whether I would or not."

Appellant based its claim upon the holding of the Commission of Appeals in Thompson v. Moor, Tex.Civ.App., 14 S.W.2d 803. The tract of land involved in that case was not entirely surrounded by lands owned, claimed or fenced by Moor. Moor testified as follows: "I have been claiming it ever since I have been down there against everybody, until such time as they might show me they had rights or something there." It seems that was on direct examination, without any strings attached. The Commission of Appeals later discussed the case of Thompson v. Moor in Stewart v. Luhning et ux., 134 Tex. 23, 131 S.W.2d 824; opinion approved by the Supreme Court. In the Stewart case the court said:

"Judge Nichols accepts as true the testimony of Moor in its entirety, but concludes that as qualified and summarized by the excerpt therefrom quoted above, and considered in the light of its source, it disclosed 'possession in subordination to true ownership.'"

The evidence is sufficient to support the jury's finding. Stewart et al. v. Luhning et ux., supra; Crandell v. Garza, Tex.Civ. App., 265 S.W.2d 846, W.R., N.R.E.; Nagel v. Kiibler, Tex.Civ.App., 212 S.W.2d 1009, W.R., N.R.E. The points are overruled.

The 4th and 5th points of error are without any merit and are overruled.

The judgment of the trial court is affirmed.