In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00064-CV


______________________________




MURRELL FOSTER AND CAROLYN FOSTER,


A MARRIED COUPLE, Appellants


V.



BUTLER ROBERTS AND LINDA ROBERTS,


A MARRIED COUPLE, Appellees



 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 01C1038-202




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Murrell and Carolyn Foster appeal from a summary judgment rendered against them in their
lawsuit against Butler and Linda Roberts. The Fosters sued the Robertses in an attempt to recover
real property, which they contend was at one time their homestead. 

 On July 3, 2001, the Fosters filed an action in trespass to try title against the Robertses
challenging their title to the property. The Robertses filed a Motion for Summary Judgment based
on the defensive theory of adverse possession relying on the three-year and five-year statutes. The
trial court granted the motion.

 On appeal, the Fosters contend generally that the deed by which the Roberts obtained title
to the property was void and therefore without any effect because it was based on an unlawful and
unconstitutional foreclosure of a vendor's lien on a Texas rural homestead. Their argument is based
on their position that the deed is void on its face and that the adverse possession statutes do not
apply. They also argue that because their lawsuit sought to recover the land and not to cancel the
deed, then the defenses provided by adverse possession do not apply.

 The summary judgment proof shows a lending institution (1) foreclosed on the property on
January 1, 1991, and in 1993 the institution sold the property to the Robertses. The deed was filed
of record on September 22, 1993. 

 To prevail on a motion for summary judgment, a movant must establish that there is no
genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
Summary judgment for a defendant is proper when the defendant negates at least one element of each
of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an
affirmative defense. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Wornick Co.
v. Casas, 856 S.W.2d 732, 733 (Tex. 1993). 

 In support of their arguments, the Fosters direct this court to cases typified by Harris v.
Bryson & Hartgrove, 34 Tex. Civ. App. 532, 80 S.W. 105 (1904, writ ref'd), and Dowdell v.
McCardell, 193 S.W. 182 (Tex. Civ. App.-Beaumont 1917, no writ). Those cases provide no
support for the Fosters' position, however, because they hold that the deed requirement set out in the
five-year limitations provision is met where the deed is not void on its face. 

 The Fosters do not contend that this deed is void on its face, and the deed itself does not
appear to be deficient. Rather, they argue that the deed should be held to be void because title to the
property never transferred to the lending institution. Therefore, they argue, any deed the lending
institution produced could not convey title and was necessarily void. In support of this position, they
direct this court to Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671 (1942). In that case, the
Texas Supreme Court found that a trustee's deed was absolutely void, although it appeared on its face
to be valid, because a homestead was sold in a foreclosure sale when the mortgagor was not in
default.

 However, in Slaughter, the limitations statute that was applied was a general four-year
limitations provision, and the question raised was the ability of the party to sustain his direct suit to
cancel the deed. Adverse possession was not at issue. Slaughter is therefore not directly applicable
to this case. 

 The Fosters contend that under the adverse possession provision, the possessor attempting
to use that limitations provision must show that he or she has a right under title or color of title. As
defined by Section 16.021, (2) title means a regular chain of transfers of the property, while color of
title is defined as a chain of title that is not regular, but only for reasons specified by statute. If the
Fosters could show the deed was void, then the Robertses could not conclusively negate their cause
of action, because a void deed is neither title, nor color of title. Field Measurement Serv., Inc., v.
Ives, 609 S.W.2d 615, 620 (Tex. Civ. App.-Corpus Christi 1980, writ ref'd n.r.e.). 

 However, we need not address this issue under the three-year adverse possession statute if
the five-year limitations theory will support the granting of the summary judgment, because when
a trial court's order granting summary judgment does not specify the ground on which it relied for
its ruling, we affirm the summary judgment if any of the theories advanced are meritorious. 
Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).

 The five-year provision differs substantially from the three-year provision. It does not require
a good title, but only that the possessor "claims the property under a duly registered deed." (3) This
distinction has long explicitly been set out in case law, as early as Neal v. Pickett, 280 S.W. 748
(Tex. Comm'n App. 1926, holding approved). (4) The court recognized that in the five-year limitations
statute, the function of a "deed" was merely to give notice of the adverse claim and that a void deed
is as competent to provide notice as a valid one. (5) The court also recognized that an exception exists
if the deed is void on its face, because it is then "not a deed at all within the meaning of the law." 
Id. at 752; Taylor v. Phillips Petroleum Co., 295 S.W.2d 738, 744 (Tex. Civ. App.-Galveston 1956,
writ ref'd n.r.e.). (6)

 The deed is part of the record, and as noted above, is regular on its face. Further, there is
no allegation or proof that would bring this case within the exception to the five-year statute as either
a forgery or as a deed executed under a forged power of attorney.

 The undisputed evidence shows the deed was duly recorded, that the Robertses used and
cultivated the property, and that they had timely paid all applicable taxes. The undisputed evidence
shows that nearly eight years elapsed from the date of the recordation of the deed before the Fosters
filed suit.

 We conclude the trial court properly rendered summary judgment in favor of the Robertses. 
 We affirm the judgment of the trial court.



 Ben Z. Grant

 Justice


Date Submitted: September 5, 2002

Date Decided: October 31, 2002


Do Not Publish
1. The foreclosing entity was the North Texas Production Credit Association.
2. Tex. Civ. Prac. & Rem. Code Ann. § 16.021 (Vernon 1986).
3. The five-year limitations statute reads as follows:


 (a) A person must bring suit not later than five years after the day the cause
of action accrues to recover real property held in peaceable and adverse possession
by another who:

 (1) cultivates, uses, or enjoys the property;

 (2) pays applicable taxes on the property; and

 (3) claims the property under a duly registered deed.

 (b) This section does not apply to a claim based on a forged deed or a deed
executed under a forged power of attorney.

 

Tex. Civ. Prac. & Rem. Code Ann. § 16.025 (Vernon 1986).
4. See Hunter v. Dodds, 624 S.W.2d 365, 369 (Tex. App.-Waco 1981, no writ).
5. In Neal, the statutory language was "a deed or deeds . . . duly registered." Neal v. Pickett,
280 S.W. 748, 752 (Tex. Comm'n App. 1926, holding approved).
6. As an example of a situation where a deed was found void on its face, in Ehlers v.
Delhi-Taylor Oil Corp., 350 S.W.2d 567, 573 (Tex. Civ. App.-San Antonio 1961, no writ), the court
held that a deed is not void for uncertainty of description unless on its face the description cannot,
by extrinsic evidence, be made to apply to any definite land. See Greer v. Greer, 144 Tex. 528, 191
S.W.2d 848 (1946); Templeton v. Dreiss, 961 S.W.2d 645 (Tex. App.-San Antonio 1998, pet.
denied); see also Kennedy v. Shipp, 135 S.W.2d 204 (Tex. Civ. App.-El Paso 1939, writ dism'd)
(holding the deed void if the undivided interest sought to be conveyed cannot be determined).




Priority="61" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light List Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00198-CR

                                                ______________________________

 

 

 

                                             IN
RE:  STEPHEN CLAY JOHNSTON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM OPINION

 

            Stephen Clay Johnston filed this
petition for writ of mandamus for the purpose of stat[ing]
that he is innocent of the charges for which he is incarcerated.  He complains that the trial court has had 86
days . . . to answer these motions.  

            Mandamus is an extraordinary remedy
that issues only to correct a clear abuse of discretion or violation of a duty
imposed by law when no other adequate remedy by law is available.  State
v. Walker, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding).  Due to the nature of this remedy, it is
Johnstons burden to properly request and show entitlement to the mandamus
relief.  See generally Johnson v.
Fourth Dist. Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding); Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.Houston [1st Dist.] 1992, orig. proceeding) (Even a
pro se applicant for a writ of mandamus must show himself entitled to the
extraordinary relief he seeks.). 

            The title or substance of the
motions allegedly sent to the trial court, and the respondent of Johnstons
complaints are not indentified in this unintelligible petition for writ of
mandamus.  

            We deny Johnstons petition for writ
of mandamus.  

                                                            

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          October
3, 2011

Date Decided:             October
4, 2011

 

Do Not Publish